THE STATE, EX REL. HODGES, *v.* COLLER, JUDGE.
HODGES *v.* THE STATE OF OHIO ET AL.

(Nos. 69-322 and 69-323—Decided July 30, 1969.)

Messrs. *Navarre, Rizor, Dapore & Pettit,* for relator.
Mr. *Daniel T. Spitler,* prosecuting attorney, for respondents.

*Per Curiam.* Relator's first argument is that he has been detained in jail more than two terms after his indictment, and thus is entitled to discharge under the provisions of Section 2945.71, Revised Code. That section reads as follows:

"No person shall be detained in jail without a trial for a continuous period of more than two terms after his arrest and commitment on an indictment or information, or, if he was in jail at the time the indictment or information was found, more than two terms after the term at which the indictment or information was presented. He shall be discharged unless a continuance is had on his motion or the delay is caused by his act."

Relator relies on *State* v. *Gray,* 1 Ohio St. 2d 21. However, the second paragraph of the syllabus of the *Gray case* defeats relator's argument. That paragraph reads in part as follows:

"Where an accused was in jail at the time an indictment was returned against him and was thereafter detained in jail solely because of that indictment and without any trial thereon for a continuous period of more than two terms of court after the term in which that indictment was presented * * *."

Thus, it can be seen that this section is applicable only where the accused is detained in jail under the indictment from which he seeks a discharge.

Although relator has been in jail for more than two terms, he was not in jail on this charge or under this indictment during such period. Until December 15, 1968 relator was being held in Henry County on a different charge on a different indictment. Relator has been detained in Wood County under the present indictment only since December 15, 1968.

However, relator argues that, even without this section, he is entitled to discharge because he has been denied a speedy trial.

Relator was charged with this crime in November 1967 and indicted in April 1968. He has not yet been tried thereon.

The question is whether, under the circumstances of this case, he has been denied a speedy trial. The fact that he was in jail in another county for trial on a different charge does not affect his right to a speedy trial on this charge.

"The right to a speedy trial is often said to be a relative one to be judged by all the surrounding circumstances." Modern Constitutional Law, Antieau, 336, Section 5:50.

Although relator has been confined in jail some 19 months, for 13 of these months he has been in other county jails, during which time he has been tried twice for a different offense and had a hearing and the granting of a motion for a change of venue. He has actually been held in the Wood County jail for only some six months on this charge. He waited until he was returned to Wood County in December 1968 to request a bill of particulars in this case. He has also filed motions for the taking of depositions. The delay in this case is at least partially the result of relator's own actions.

In determining the question of speedy trial, it must be remembered that a speedy trial does not mean an immedi-

ate trial and that relator, by his own actions, has contributed to the delay in this case.

Under the circumstances of this case, it cannot be said that relator has been denied a speedy trial.

*In case No. 69-322, writ denied.*
*In case No. 69-323, petitioner*
*remanded to custody.*

TAFT, C. J., MATTHIAS, O'NEILL, SCHNEIDER, HERBERT and DUNCAN, JJ., concur.*