34

THE STATE OF OHIO, APPELLEE, *v.* FAIRBANKS, APPELLANT.

[Cite as State v. Fairbanks (1972),
32 Ohio St. 2d 34.]

(No. 72-213—Decided November 15, 1972.)

36

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, and *Mr. Leonard Kirschner,* for appellee.

*Mr. Harry H. McIlwain* and *Mr. Harvey B. Woods,* for appellant.

CORRIGAN, J.

### I.

Appellant presents nine propositions of law which he urges support various claims of error in the trial court. Three of these, Nos. 5, 8 and 9, are concerned with the death penalty, and this court has disposed of this question by entry dated August 3, 1972, Journal 51, reducing the death penalty, as follows:

"The court coming now to consider the motion filed by counsel for appellant to modify the death sentence imposed on the defendant-appellant named herein, finds that such motion should be and hereby is allowed. *Furman* v. *Georgia* (decided June 29, 1972), 40 L. W. 4923; *State* v. *Leigh* (1972), 31 Ohio St. 2d 97.

"It is further ordered that the judgment affirming the death sentence of the defendant-appellant named herein is hereby modified and the sentence of defendant-appellant is reduced to life imprisonment, as prescribed in R. C. 2901.01.

"It is further ordered that the clerk of this court issue a certified copy of this entry to the Warden of the Ohio Penitentiary who shall acknowledge receipt thereof."

### II.

Taking the remaining six propositions of law in their numerical sequence, we find in proposition of law No. 1 the claim that "the trial court erred in overruling defendant's motion for a change of venue or continuance due to the great amount of prejudicial publicity concerning his arrest and was violative of the 14th, 5th and 6th Amendments of the United States Constitution."

R. C. 2931.29 permits a change of venue when it appears to the Court of Common Pleas, either by affidavit or evidence in open court, that a fair and impartial trial cannot be had in the county where a cause is pending.

A change of venue rests largely in the discretion of the trial court, and there are numerous cases holding that appellate courts should not disturb the trial court's ruling on a motion for change of venue in a criminal case unless it is clearly shown that the trial court has abused its discretion. *State* v. *Laskey* (1968), 13 Ohio App. 2d 91, affirmed, 21 Ohio St. 2d 187; *State* v. *Tannyhill* (1956), 101 Ohio App. 466, appeal dismissed, 165 Ohio St. 482.

Those cases also point out that newspaper accounts and radio broadcasts of a factual nature and without distortion, or which are noninflammatory in character, do not establish the impossibility of a defendant to have a fair and impartial trial where jurors have not read or heard the reports or such prospective veniremen have testified on *voir dire* that they will judge the defendant solely on the law and evidence presented at trial.

Such decisions, however, must be viewed in the light of the United States Supreme Court decision in *Sheppard* v. *Maxwell* (1966), 384 U. S. 333. The court, in *Sheppard*, reversed this court on the issue of prejudicial publicity prior to and during trial. In *Sheppard*, the court held that a showing of identifiable prejudice to the defendant is not necessary where there is a likelihood that prejudicial news prior to the trial will prevent a fair trial. If such is the case, the judge should continue the case until the threat abates, or transfer it to another county not so permeated with publicity.

In *Sheppard*, there was extensive press coverage prior to and during the trial. The testimony of witnesses was published daily, jurors were identified and inflammatory articles and pictures were published along with lurid stories. In the midst of this sensationalism, the jurors were not sequestered nor was their access to the news media restricted. In this atmosphere, the United States Supreme Court concluded, over ten years later, that there was little likelihood of conducting a fair and impartial trial.

In the instant case, there was one newspaper article and several radio broadcasts on February 27, 1970, which stated that the defendant had the gun in his possession at the time of arrest, had been charged on January 29 with the killing of a university co-ed, had been before the court on auto theft and robbery charges and had been convicted, and that the weapon found on the defendant had been used in the robbery and shooting of Leroy Johnson. Nearly all the veniremen disclaimed knowledge of these reports and affirmed during an extensive *voir dire* that they would judge the defendant only on the law and facts presented at trial. This is not a case in which there exists a reasonable likelihood that the defendant would not receive a fair trial. The court did not, therefore, abuse its discretion in denying the motion for change of venue. Claim of error No. 1 is rejected.

### III.

In his proposition of law No. 2, appellant complains that "the court erred in overruling defendant's motion to dismiss the indictment, when the evidence showed that the defendant was confined and had not been tried within two (2) terms of the indictment."

Appellant limits his argument supporting this proposition to two sentences, citing *State* v. *Gray* (1964), 1 Ohio St. 2d 21, as authority. Referring to the record, it must be mentioned that appellant was convicted of a prior armed robbery on February 19, 1970, and sentenced to the Ohio State Reformatory and incarcerated there. While imprisoned for that crime he was indicted for another armed robbery and accused in two indictments of murder. He was returned for trial on the second robbery indictment, convicted and sentenced. Then, he was turned over to the Ohio penal authorities and confined in the penitentiary until tried in this case for murder.

R. C. 2945.71 provides that no person shall be detained in jail without a trial for a continuous period of more than two terms after his arrest and commitment on an indictment or information, or if he was in jail at the time the indictment or information was found, more than

two terms *after the term* at which the indictment or information was presented.

This court has held in *State, ex rel. Hodges,* v. *Coller* (1969), 19 Ohio St. 2d 164, that R. C. 2945.71 is applicable only where the accused is detained in jail under the indictment from which he seeks a discharge. The appellant cites the case of *State* v. *Gray, supra* (1 Ohio St. 2d 21), for the proposition that R. C. 2945.71 applies even though the defendant is confined in the penitentiary on another offense. This is the same issue that the court was confronted with in *Hodges, supra.* The contentions of both the appellant in *Hodges* and the appellant in the present case involve an incorrect reading of *Gray.* The decision in *Gray* states that R. C. 2945.71 applies where an accused was in jail at the time an indictment was returned against him and was thereafter detained in jail *solely* because of that indictment. If the accused is detained as a result of prior convictions or indictments other than those from which he seeks a discharge, R. C. 2945.71 is inapplicable. We find no merit to appellant's proposition of law No. 2.

### IV.

As his proposition of law No. 3, appellant suggests that "the court erred in overruling defendant's motion to dismiss the indictment when the evidence showed that the warrant of arrest was issued [under favor of R. C. 2935.08] by the clerk of courts, a non-judicial officer, and was violative of the defendant's rights under the Fourth Amendment of the United States Constitution which guarantees that a warrant will not issue except on probable cause."

We do not find any infringement of appellant's constitutional rights on the record before us in connection with the issuance of the arrest warrant. The Supreme Court of the United States has decided, on June 19, 1972, in the case of *Shadwick* v. *Tampa* (1972), 407 U. S. 345, 32 L. Ed. 2d 783, that a "city charter provision authorizing municipal court clerks to issue arrest warrants for breach of municipal ordinances held to comport with the requirements of the Fourth Amendment that warrants be issued by a neutral and detached magistrate who must be capable of deter-

mining whether probable cause exists for issuance of the warrant. The clerks, though laymen, worked within the judicial branch under supervision of municipal court judges and were qualified to make the determination whether there is probable cause to believe that a municipal code violation has occurred.''

It was indicated by the Supreme Court that a law degree is not a prerequisite to being entrusted with the responsibility of determining probable cause. ''Grand juries daily determine probable cause prior to rendering indictments, and trial juries assess whether guilt is proved beyond a reasonable doubt.''

The reasoning in *Shadwick* is equally applicable to the statute involved in the instant case. Here, in addition, the police officer making the arrest clearly had probable cause to do so.

## V.

The next proposition of law, No. 4, advanced by appellant proposes that ''the trial court erred in overruling defendant's motion to suppress the evidence when the evidence showed that the defendant was arrested illegally.''

We find no worth in this claim of appellant, as the evidence in the record contradicts such a contention. The evidence possessed by the police *prior* to the arrest of the appellant establishes that: (1) A young lady had been shot and killed on or about January 29, 1970; (2) one Leroy Johnson had been shot during an armed robbery on February 16, 1970; (3) one Jerry Carpenter had been shot and killed during an armed robbery also on February 16, 1970; (4) a ballistics comparison had shown that all the bullets in the three shootings were fired from the same gun; (5) the victim of the February 16th armed robbery had, from his hospital bed, identified a picture of appellant as one of several possible assailants; and (6) a friend of defendant had, on January 29, 1970, purchased a gun of the caliber used in the shootings and turned it over to the appellant on that date.

This evidence does not establish beyond a reasonable doubt that the defendant committed the crimes in question, but it does link the appellant with the crimes in such a

way as to raise a probability of the appellant's involvement and to justify questioning him.

However, even if those factors are not considered to give rise to probable cause, the evidence that the defendant, a convicted felon, was in possession of a concealed weapon does give rise to the probability of the commission of a felony under R. C. 2923.01.

Appellant contends that he was not advised of the cause of his arrest. The testimony of the police officers shows that when the defendant saw them he discarded the illegal weapon he was carrying and ran from the officers. R. C. 2935.07 provides that "when a person is engaged in the commission of a criminal offense [in this case, carrying concealed weapons and unlawful flight from police officers], it is not necessary to inform him of the cause of his arrest." Even if an arrest is illegal, it does not amount to a denial of due process and does not furnish, after conviction, grounds for relief by habeas corpus. This principle was established by this court in the case of *Brown* v. *Maxwell* (1962), 174 Ohio St. 29. The fact that the present action is an appeal rather than a habeas corpus action does not affect that principle, since the appellant was charged with a crime by reason of the subsequent issuance of a warrant. It is difficult to see how he could have been prejudiced, since he was notified of the offense with which he was charged soon after he was taken into custody.

## VI.

Proposition of law No. 6 reads:

"The court erred in refusing to give requested instruction on circumstantial evidence, where circumstantial evidence was the basis of the state's case against the defendant."

The record discloses that evidence presented at the trial by the state was both direct and circumstantial. The trial court twice gave instructions to the jury covering both direct and circumstantial evidence. The charge was complete and without error.

## VII.

As proposition of law No. 7, appellant pleads error as follows:

"The court erred in overruling the defendant's motion to dismiss due to insufficient evidence of a felony, where the first degree murder indictment was based on a killing during the course of a robbery."

The evidence produced at the trial showed that Carpenter, the deceased, left home in his automobile with eight dollars in his wallet. The person who shot Carpenter left the scene in the Carpenter automobile, which was later found, abandoned, some distance away, and when Carpenter was found a few minutes after the shooting only a part of the eight dollars was found in his wallet. Robbery is defined in R. C. 2901.12 as stealing "from the person of another *anything of value.*" (Emphasis added.) Certainly, an automobile, or money, represents an item of value, and the record sufficiently shows stealing of the car, or money, or both.

We do not accept appellant's contention as set out in this proposition of law.

### VIII.

Accordingly, for the reasons stated, the judgment of the Court of Appeals, as modified in part by our entry dated August 3, 1972, Journal 51, set forth above under Division I of this opinion, is affirmed.

*Judgment, as previously modified, affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, STERN, LEACH and BROWN, JJ., concur.

HERBERT, J., concurring. *State* v. *Cross* (1971), 26 Ohio St. 2d 270, 271 N. E. 2d 264, decided subsequent to *State* v. *Gray* (1964), 1 Ohio St. 2d 21, 203 N. E. 2d 319, and *State, ex rel. Hodges,* v. *Coller* (1969), 19 Ohio St. 2d 164, 249 N. E. 2d 885, considered the operation of R. C. 2945.71. At page 273 in the *Cross* opinion it is carefully noted that "[w]e are here concerned only with the case of an accused who was continuously detained in jail without trial for a period longer than two terms of court following the term in which his indictment was presented, *and who was so detained solely by reason of such indictment.*" (Emphasis added.)