THE STATE OF OHIO, APPELLEE, *v.* THIESHEN, APPELLANT.

[Cite as State v. Thieshen (1977), 55 Ohio App. 2d 99.]

(No. 9-77-12—Decided November 28, 1977.)

*Mr. B. Edward Roberts,* prosecuting attorney, for appellee.

*Messrs. Williamson & Williamson,* for appellant.

GUERNSEY, J.  This is an appeal by defendant Walter Eugene Thieshen from a judgment of conviction and sentence in the Court of Common Pleas of Marion County. He alleges error of the trial court (1) in overruling his motion to dismiss for the reason that he was denied a speedy trial under the provisions of R. C. 2945.71(C)(2) and (D) and in not allowing him to testify concerning his contacts with the police after he made his confession.

Defendant was arrested on December 14, 1976, on the charge of robbery for which he was thereafter tried, and remained in either the Marion City Jail or the Marion County Jail continuously thereafter until his jury trial which started on April 26, 1977, the 133rd day after his arrest. In between these dates the following chronological events occurred:

a. On December 16, 1976, defendant waived preliminary hearing and bond was set at $2,000.

b. On January 13, 1977, an indictment was filed indicting him for the offense for which he was originally arrested and also indicting him for an offense of aggravated riot occurring while he was in jail pursuant to the arrest.

c. On January 13, 1977, the sheriff served on defendant a warrant of arrest on the indictment.

d. On January 18, 1977, one Donald H. Taube was appointed as defendant's counsel.

e. At some point between January 13, 1977 and January 21, 1977, as appears from the trial court's docket entries, the defendant appeared in open court and acknowledged receipt of the indictment; a plea of not guilty was entered on his behalf; and bond was fixed in the amount of $2,000 on the robbery charge and $10,000 on the aggravated riot charge.

f. On January 21, 1977, defense counsel filed a motion to sever the counts of the indictment. This motion was sustained orally and the counts were not tried together on April 26, 1977.

g. On February 9, 1977, trial of the robbery case was assigned for March 15, 1977, the 91st day after his original arrest. This assignment does not appear in our record but is asserted and agreed to in the appellate briefs.

h. On February 22, 1977, defense counsel moved to suppress his statements.

i. On March 17, 1977, the court filed its journal entry as follows:

"The within case was set for trial as the third case on March 15, 1977. The first case went out of assignment as the defendant entered a plea of guilty. The second case * * * went to trial and the within case therefore was continued until 9:00 A. M. on April 19, 1977, and record of said assignment as the first case on April 19, 1977 [the 126th day after the original arrest] is hereby made."

j. On April 8, 1977, appointed counsel Taube filed his motion to withdraw as defense counsel as defendant "does not wish to be represented by" him.

k. On April 12, 1977, Taube was permitted to with-

draw as counsel and Jonathan Williamson was appointed to succeed him as such.

l. On April 12, 1977, defense counsel filed a motion for discovery.

m. On April 14, 1977, defense counsel filed a motion for dismissal of the robbery charge "in view of the fact that the Defendant has been incarcerated in the Marion County Jail for over ninety (90) days and has not been to trial, as required by Secs. 2945.71(C) and 2945.71(D) of the Ohio Revised Code."

n. On April 15, 1977 (it being agreed in the briefs that that court had orally indicated in chambers that he would overrule the motion to dismiss), defense counsel filed a motion to continue the jury trial from April 19th to April 26, 1977.

o. On April 25, 1977, the court filed its journal entries overruling the motion to suppress evidence, expressing the state's compliance with the motion for discovery, and overruling the motion to dismiss, finding as to the latter (1) "that this matter was set within ninety (90) days and was continued by the Court for the reason that the Court docket was crowded at that time," and (2) "that the defendant herein requested another attorney to represent him while this matter was pending."

At first blush it appears that the trial court scheduled the trial one day late for proper compliance with R. C. 1945.71 and then, without fully expressing the necessity of doing so, continued trial for an additional 33 days. However this quick and erroneous conclusion is based on a 90 day limitation which courts commonly speak of as being required by R. C. 2945.71(C). 90 days is not, however, the actual limitation contained in the statute but is the product of applying to the actual limitation of 270 days the triple-count provision of subdivision (D) of that statute. The actual provisions of R. C. 2945.71(C) and (D) are:

"(C) A person against whom a charge of felony is pending:

(1) Shall be accorded a preliminary hearing within fifteen days after his arrest;

". "(2) Shall be brought to trial within two hundred seventy days after his arrest.

;" (D) For purposes of computing time under divisions (A), (B), and (C) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."

The Supreme Court has had occasion to interpret the application of this statute in a number of decisions, notably *State* v. *Pudlock* (1975), 44 Ohio St. 2d 104; *State* v. *Walker* (1976), 46 Ohio St. 2d 157; *State* v. *MacDonald* (1976), 48 Ohio St. 2d 66; *State* v. *Lee* (1976), 48 Ohio St. 2d 208; and *State* v. *Singer* (1977), 50 Ohio St. 2d 103. In the *MacDonald* case Justice Paul Brown cited with approval the earlier cases of *State* v. *Gray* (1964), 1 Ohio St. 2d 21; *State, ex rel. Hodges,* v. *Coller* (1969), 19 Ohio St. 2d 164; and *State* v. *Fairbanks* (1972), 32 Ohio St. 2d 34, construing the speedy-trial statutes as they existed prior to 1974, as settling Ohio case law that the defendant's detention in jail must be solely because of the pending charge, and the Court held accordingly in the first paragraph of the syllabus of the *MacDonald* case. In his opinion concurred in by the other members of the Court, Justice Brown said:

"The present speedy-trial statutes are the kind of state action which *Barker* v. *Wingo, supra* [407 U. S. 514], contemplated. In a long line of cases, we have imposed upon the state and the trial courts the mandatory duty of complying with these statutes. We do so pursuant to our conclusion that the General Assembly has attempted a rational definition of the trial court's obligation to guarantee a speedy trial. *We accept this direction in those circumstances in which the statutory language specifically applies.*

"Appellee was not entitled to the triple-count provision after July 28, 1974, as he was not being held *solely* on the pending charges. He was being held jointly on federal and state charges. Had the Cuyahoga County prosecutor decided to drop his charges, appellee would not have been released because he was then serving a two-year fed-

eral prison sentence. Further, no bail on the state charges could have been offered appellee because of the federal sentence. Appellee therefore was not being held in lieu of bail solely on the pending charge, and consequently the triple-count provision does not apply." (Emphasis added to first paragraph.)

Stated in a slightly different fashion and responsive to the holding of the Supreme Court in *State, ex rel. Hodges,* v. *Coller* (1969), 19 Ohio St. 2d 164, 166, the triple-count credit of R. C. 2945.71(D) on the 270 day time limit set forth in R. C. 2945.71(C) is applicable only where the accused is detained in jail under the indictment from which he seeks a discharge.

Here the defendant was arrested on December 14, 1976, and held in jail solely on the charge of robbery, which he now seeks to have dismissed, from that date to no later than January 13, 1977, thirty days thereafter. During that period of time he was held on that charge only in lieu of the $2,000 bail previously set at the time of his arraignment. On January 13, 1977, a warrant of arrest was served upon him on the indictment which contained the original count of robbery together with an unrelated count of aggravated riot. From then until he was arraigned on the indictment he could not have been released by posting bail on the robbery charge because of the existence of the aggravated riot charge and from the date of the arraignment to the date of trial he could not have been released by posting $2,000 bail on the robbery charge unless he also posted $10,000 bail on the aggravated riot charge. Thus from January 13, 1977, he was not held in jail in lieu of bail solely on the charge of robbery, which he now seeks to have dismissed.

Accordingly, defendant was entitled to the benefits of the triple-count provision for the thirty days he was held in jail on the robbery charge in lieu of bail between December 14, 1976, and January 13, 1977. This gave him a ninety day credit against the 270 day provision of R. C. 2945.71. He was not entitled to any triple-count credit thereafter so he could properly be brought to trial with-

out violating the statutory speedy-trial provisions of R. C. 2945.71, at any time within 180 days following January 13, 1977. The actual trial date of April 26, 1977, being well within such 180 day period the trial court committed no error as assigned by the defendant in his first assignment of error.

The second assignment of error relates to a claim by the defendant that he should have been permitted to testify as to statements made by one Detective Schultz to him in explanation of the reasons why he made a confession. Defendant did not, however, proffer what he would have testified if permitted to do so. Accordingly, he has not properly reserved this claimed error for review and it is, therefore, without merit.

Finding no error in the particulars assigned and argued the judgment is affirmed.

*Judgment affirmed.*

MILLER, P. J., and COLE, J., concur.