JOURNAL ENTRY AND OPINION
Plaintiff-appellant State of Ohio appeals from the granting of defendant-appellee Richard Brelo's (Brelo) motion to dismiss the indictment due to a speedy trial violation. For the reasons adduced below, we reverse and remand.[1]
A review of the record on appeal indicates the following procedural history for the matter before us:
 1. 3-25-00, Brelo arrested and charged with carrying a concealed weapon (see Cuyahoga County Common Pleas Court Case No. CR-390530);
 2. 3-28-00, Brelo, while incarcerated on the weapons offense, spits on a police officer and is charged with harassment by an inmate (see Cuyahoga County Common Pleas Court Case No. CR-390529);
3. 4-27-00, Brelo indicted on both offenses;
 4. 5-2-00 and 5-12-00, Brelo arraigned on each of the offenses in separate cases, pleads not guilty, and Public Defender assigned as counsel. Cases assigned to Judge Frank Celebrezze, Jr. for disposition[2];
 5. 5-18-00, pretrial conducted. The trial court, without a motion by the defense to determine competency, refers Brelo for a psychiatric evaluation at the Cleveland Psychiatric Institute (CPI) regarding competency to stand trial;
 6. 6-5-00, CPI sends a letter to the court indicating that Brelo was not cooperating with the evaluation, and the evaluation would be closed if the court did not communicate with CPI within twenty-one days. Not having heard from the trial court in the required time frame, CPI closed the original referral evaluation;
 7. 8-17-00, Public Defender motions to withdraw as counsel, attorney Santo Incorvaia assigned as replacement defense counsel, and Brelo again referred by the court (without motion by the defense) to CPI for a competency evaluation;
 8. 8-28-00, pretrial held and continued, at defendant's request, to 9-6-00;
 9. 8-29-00, CPI sends a second letter to the court, again indicating that Brelo was not cooperating with the second evaluation, and again indicating that the re-referral would be closed if the court did not communicate with CPI within twenty-one days. The court did not respond to this CPI letter;
 10. 9-6-00, pretrial conducted by the court, trial scheduled for 10-3-00;
 11. 9-14-00, attorney Incorvaia motions to withdraw as counsel;
 12. 9-21-00, court grants the withdrawal of attorney Incorvaia, assigns attorney Patrick D'Angelo as replacement defense counsel, and continues the pretrial to 10-3-00 at Brelo's request (the journal does not indicate that the 10-3-00 trial date was changed at that time);
 13. 9-28-00, Brelo, acting pro se, files a motion to dismiss based on speedy trial grounds, and a motion to continue the trial date;
 14. 10-3-00, court grants the removal or withdrawal of attorney D'Angelo and assigns attorney Steve McGowan as replacement defense counsel, pretrial continued to 10-10-00 at defendant's request;
 15. 10-5-00, Brelo, acting pro se, files a motion to unseal the grand jury testimony relative to his indictments;
 16. 10-26-00, a pretrial is scheduled by the court for 11-6-00;
 17. 11-20-00, Brelo, acting pro se, files a supplement to his motion to dismiss[3];
 18. 11-21-00, pretrial conducted and continued, according to the journal entry, at defendant's request to 12-6-00;
 19. 12-6-00, pretrial conducted and continued, at defendant's request, to a final pretrial to be conducted on 12-11-00;
 20. 12-11-00, court (without a motion by the defense) refers Brelo for a competency evaluation to be conducted at Northcoast Behavioral Center (NBC)[4], and orders the Sheriff to transport Brelo;
 21. 1-4-01, Brelo, acting pro se, files a series of hand-written motions, including, the unsealing of Grand Jury records, reduction of the weapons offense to a misdemeanor, and to dismiss the cases based on speedy trial grounds (all of which were denied by Judge Joseph Nahra on 1-8-01; there is no order in the record provided appointing Judge Nahra to act as the trial court in these cases);
 22. 1-20-01, cases transferred by the Administrative Judge of the trial court to the docket of Judge Bridget McCafferty;
 23. 1-21-01, transfer of the cases to Judge McCafferty is vacated by the Administrative Judge;
 24. 2-15-01, attorney McGowan files a motion to dismiss based on speedy trial rights being violated (Interestingly, the caption of this motion identifies Judge James Porter as the trial judge, yet the record provided contains no order appointing Judge Porter to act as the trial court judge in these cases);
 25. 2-26-01, pretrial conducted by the court and continued until 3-12-01;
 26. 3-5-01, Brelo, acting pro se, files a motion seeking the disqualification of attorney McGowan, and requests reconsideration of the motions filed on 1-4-01. The trial court denies this reconsideration;
 27. 3-16-01, Brelo, acting pro se, files a motion seeking a change in venue. Administrative Judge, Judge Richard McMonagle, denies the motion to dismiss for speedy trial violations and transfers the case to a new trial judge (Judge Christine McMonagle), who schedules a pretrial to be conducted on 3-20-01;
 28. 3-20-01, State requests a continuance of the pretrial until 3-28-01, and further requests that the McGowan motion to dismiss be heard at that time;
 29. 3-28-01, trial judge ill, hearing continued to 3-29-01. At the State's request, this hearing date was continued to 4-3-01;
 30. 3-29-01, State dismisses the carrying a concealed weapon charge. On this date, the hearing on the motion to dismiss was commenced, but then recessed to permit the State to conduct legal research on the issue;
 31. 4-3-01, hearing resumes and concludes on the motion to dismiss;
 32. 4-10-01, trial court (Judge Christine McMonagle) issues its ruling granting the motion to dismiss based on speedy trial considerations.
Appellant presents the following lone assignment of error:
 THE TRIAL COURT ERRED BY FINDING THAT NO SPEEDY TRIAL TIME WAS TOLLED AS A RESULT OF COURT ORDERS REFERRING THE DEFENDANT-APPELLEE FOR PSYCHIATRIC EVALUATIONS AND ALSO ERRED BY FAILING TO TOLL ANY TIME PURSUANT TO R.C. 2945.72(H) FOR CONTINUANCES GRANTED AT APPELLEE'S REQUEST.
R.C. 2945.71(C)(2) provides that an individual who has been charged with a felony offense must be brought to trial within two hundred and seventy (270) days from the day following his arrest. Also see State v. Lett (Aug. 9, 2001), Cuyahoga App. No. 78667, unreported, at 7, citing State v. McCornell (1993), 91 Ohio App.3d 141, 145, and State v. Gabel (Oct. 31, 1996), Cuyahoga App. No. 69607, unreported. When computing the two hundred and seventy-day period, each day during which that individual is held in jail without bail solely on the pending charge shall be counted as three days. R.C. 2945.71(E). Because Brelo was held in jail on not just the original weapons charge, the triple count provision of R.C.2945.71(E) does not apply. See State v. Thieshen (1977), 55 Ohio App.2d 99. Instead, the speedy trial time is counted on a one-for-one basis. Id. Thus, Brelo's two hundred and seventy-day speedy trial time commenced on March 25, 2000, the day after his arrest for the weapons charge. Applying the speedy trial period from that date, Brelo was required to be brought to trial no later than Wednesday, December 20, 2000, unless that period was tolled.
In this appeal, appellant relies upon two avenues of attack with which to support its argument that certain events tolled the speedy trial period. First, appellant argues that the speedy trial period was tolled during the period of time while Brelo was being psychologically evaluated to determine his competency to stand trial. See R.C. 2945.72(B)[5]. Second, appellant argues that the speedy trial period was tolled pursuant to R.C. 2945.72(H)[6] of Brelo's requests for continuances, which were granted by the court, and various other defense motions which served to toll the period pursuant to R.C. 2945.72(E).[7] These two arguments will be discussed in order.
The State argues that the speedy trial period was tolled during the time when the accused was undergoing psychiatric examination to determine competency to stand trial. This argument is somewhat limited in scope by the State. The State does not argue that the entire period of time from the three examination periods (until the court could make a competency determination, or indefinitely in this case because the court never made a competency determination) should be counted against the appellee. Instead,
Note, a motion to dismiss acts to toll the time in which a defendant must be brought to trial. State v. Bickerstaff (1984), 10 Ohio St.3d 62, 67. Furthermore, the time that elapses while a motion to dismiss is pending, tolls the speedy trial period. Id. the State argues that, by virtue of the appellee's failure to cooperate with the competency examiner and the requirement under R.C. 2945.371(G) that the psychiatric examiner file a written report within thirty (30) days of the court's referral, at least thirty (30) days for each of the three examinations, for a total of no fewer than ninety (90) days, should be tolled. See appellant's supplemented brief at 8.
The State relies on the case of State v. Palmer (1998),84 Ohio St.3d 103. In Palmer, the Ohio Supreme Court determined that, pursuant to R.C. 2945.72(B), the speedy trial period is tolled from the time the accused files a motion challenging the defendant's competency to stand trial, and continues to the time when the trial court makes a competency determination. In other words, the tolling does not end when a competency examiner fails to issue a report within the reporting time limits contained in former R.C. 2945.37.1(D). Id. The appellee, however, relies on the recent case of State v. Johnson (Mar. 8, 2001), Cuyahoga App. Nos. 78097-78099, unreported, 2001 WL 233401, which analyzed Palmer and tolling for a competency determination under R.C. 2945.72(B), this court determined that such a tolling only occurs if competency `is being determined.' Johnson, supra, 2001 WL 233401, at 3, citing State v. Prim (1999), 134 Ohio App.3d 142. The Johnson court's determination was based on the fact that, while the accused was referred for an evaluation, the accused was never actually transported from the jail to the evaluation facility. In the present case, unlike Johnson, the accused was transported to the evaluation facility. Hence, competency was being determined by each of the three psychiatric referrals and each of these referrals, at least from the time of the referral to the time the evaluator closed the referral (which was 21 days following the time the evaluator notified the court seeking instructions) due to the accused's own non-cooperation with the evaluation, served to toll the speedy trial period. Accordingly, the State's reliance on R.C. 2945.72(B) to toll at least ninety days is with merit. The following periods of time involved with the psychiatric referrals tolled the speedy trial period: (1) from May 18, 2000 to June 26, 2000, for a period of 39 days; (2) from August 17, 2000 to September 19, 2000, for a period of 33 days. The third referral, which was ordered on December 11, 2000, runs until at least April 10, 2001 (the date the court granted the motion to dismiss) because competency was being determined and there is no indication from the journal that the evaluation had been completed.
Turning to the second avenue of attack presented by the State, that of continuances and motions, the State points to four defense continuances which allegedly tolled the speedy trial period for a total of forty-six (46) days. See appellant's supplemented brief, at 14 (* * * Appellee requested continuances on September 21, 2000 until October 3, 2000, October 3, 2000 until October 10, 2000, November 21, 2000 until December 6, 2000, and again from December 6, 2000 until December 11, 2000, resulting in an additional tolling of forty six days; each of these continuances were from pre-trials which were conducted and continued, according to the journal, at defendant's request.) The trial court, citing State v. Collura (1991), 72 Ohio App.3d 364, determined that the continuances attributed to the defense by the court's journal were insufficient to toll the speedy trial period because the journal did not explain the reasons for any of the continuances.
Appellant, citing State v. Baker (Cuyahoga, 1993), 92 Ohio App.3d 516,530-531, complains that the journal is not infirm if it does not indicate the reasons for a continuance requested by the defense. The appellant is correct. The Baker court noted that (1) the granting of a continuance had to be recorded in the court's journal, (2) the journal had to identify the party to whom the continuance was to be charged, and (3) if the trial court was acting sua sponte in ordering a continuance, that the journal had to set forth the reasons justifying the continuance. Id. citing State v. Mincy (1982), 2 Ohio St.3d 6, 8, and State v. Siler (1979),57 Ohio St.2d 1, 3. The Baker court continued by then stating that, The trial court is not required to briefly set forth the reasons for granting a continuance at the defendant's request. Id. citing State v. Cripple (May 20, 1993), Cuyahoga App. No. 61773, unreported, at 12, 1993 WL 173733. See also State v. Stamps (Hamilton, 1998), 127 Ohio App.3d 219,226 (the journal need not reflect the reasons for the continuance where the continuance was at the defendant's request). The trial court's reliance on Collura is misplaced as that case involved, in part, a fourteen-day period which was unaccounted for and charged against the state because the journal did not reflect the reason for the sua sponte delay or to whom it was attributable. Furthermore, appellee's reliance on State v. Lett (Aug. 9, 2001), Cuyahoga App. No. 78667, unreported, is misplaced as Lett involved the granting of a continuance at defendant's request after the speedy trial period had lapsed, which would not toll the speedy trial period. In the present case, the four continuances in issue were not made sua sponte by the trial court, but were made, according to the journal, at the request of the defense. The continuances being made by the defense, the journal was not required to indicate the reasoning for the particular continuance and these forty-six (46) days should have been charged against the defense in tolling the speedy trial period.
In addition to the four continuances cited with particularity by the appellant, the record discloses a fifth pretrial continuance, requested by the defense, which was not cited by the parties but nonetheless appears in the record. This fifth continuance is from August 28, 2000 until September 6, 2000, a period of nine (9) days. Like the four continuances cited by appellant, this fifth period of nine (9) days should have been charged against the defense in tolling the speedy trial period.
As for the motion practice by the defense, the record indicates that Brelo filed a motion to dismiss based on speedy trial grounds on September 28, 2000, with a supplement to that motion on November 21, 2000. Brelo also filed a motion to unseal the grand jury record on October 5, 2000, and another motion to unseal on January 4, 2001 (which was denied on January 8, 2001). Brelo then filed another motion to dismiss for speedy trial reasons on January 4, 2001, which was denied on January 8, 2001. That period of time while these motions were pending, from September 28, 2000 until January 8, 2001 (a period of 102 days), tolled the speedy trial period pursuant to R.C. 2945.72(E) and Bickerstaff, supra.
Because many of the various tolling periods outlined above overlap one another, a recapitulation of the overall tolling periods is a good idea at this point. This summary is as follows: (1) from May 18, 2000 to June 26, 2000 [39 days, which includes the first psychiatric referral]; (2) from August 17, 2000 until September 19, 2000 [33 days, which includes the second psychiatric referral]; (3) September 21, 2000 until April 10, 2001 [201 days, which includes those periods indicated above for defense motion practice, defense continuances, and the third psychiatric referral]. These three periods total 273 days [39 + 33 + 201 = 273], which would extend the trial date to well past April 10, 2001 (the date the trial court granted the motion to dismiss).
Accordingly, the trial court erred on April 10, 2000 in dismissing the case against Brelo for speedy trial reasons.
Assignment sustained.
Judgment reversed and remanded.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
MICHAEL J. CORRIGAN, J., and JAMES J. SWEENEY, J., CONCUR.
[1] An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision. Crawford v. Eastland Shopping Mall Assn. (1983), 11 Ohio App.3d 158; App.R. 11.1(E). The record on appeal consists of the file in the harassment offense case, not the weapons case. However, the exhibits presented by the State at the speedy trial hearing are from the weapons case and/or the harassment case.
[2] In naming the trial judges by name, such practice is implemented in this particular case because there are a number of trial court judges involved in the proceedings and their reference is essential to clarify or explain the role of such person in the course of said proceedings. See Loc.App.R. 21(C).
[3] The originally assigned trial judge, Judge Celebrezze, was elected in early November of 2000 to a seat on the Eighth District Court of Appeals.
[4] Appellant's assertion, that there is no entry ordering the Sheriff to transport Brelo to NBC, is mistaken.
[5] R.C. 2945.72(B) provides the following extension of the speedy trial period:
 The time within which an accused must be brought to trial, or, in the case of a felony, to preliminary hearing and trial, may be extended only by the following:
* * *
 (B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is psychically incapable of standing trial; * * *
[6] R.C. 2945.72(H) provides the following extension of the speedy trial period:
 (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion; * * *
[7] R.C. 2945.72(H) provides the following extension of the speedy trial period:
 (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused; * * *