JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Bennie Anderson ("Anderson"), pro se, appeals his escape conviction. Finding no merit to the appeal, we affirm.
 {¶ 2} In April 2005, Anderson was charged with escape in violation of R.C. 2921.34. Prior to trial, Anderson filed numerous motions, including a motion to proceed pro se. In August 2005, the trial court found that Anderson knowingly, voluntarily and intelligently waived his right to counsel.[1] In January 2006, the matter proceeded to a jury trial, at which he was found guilty. On February 3, 2006, Anderson was sentenced to six years in prison, to run consecutive to a two-year prison sentence in Case No. CR-464929, for a total of eight years in prison. The following evidence was presented at trial.
 {¶ 3} In January 2004, Anderson was released from prison. He met Jennifer McQueen ("McQueen"), and he asked if he could use her address for his parole officer. McQueen testified that she permitted him to use her address and did not see him again after that encounter. Anita Phillips ("Phillips"), Anderson's parole officer, testified that Anderson was assigned to report to her. He reported to her until September 15, 2004. Anderson was scheduled to meet with Phillips on October 5, 2004, but failed to report. Phillips' attempts to contact Anderson were unsuccessful *Page 4 
and, on December 30, 2004, Phillips reported that Anderson had absconded supervision. Anderson testified that he stopped reporting to Phillips because his parole had ended.
 {¶ 4} In March 2006, Anderson filed his notice of appeal. During the pendency of this appeal, Anderson was initially represented by appointed defense counsel and then by the State public defender. However, Anderson filed motions to dismiss both counsel and to withdraw counsel's briefs. This court granted both motions. Therefore, he is proceeding pro se.
 {¶ 5} Anderson raises thirteen assignments of error. In the first assignment of error, he alleges that the trial court erred in overruling his motion to dismiss for lack of speedy trial.
 {¶ 6} R.C. 2945.71(C)(2) provides that a person against whom a felony charge is pending shall be brought to trial within 270 days after his arrest. For purposes of computing time under R.C. 2945.71(C)(2), each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. See R.C. 2945.71(E). In other words, "a felony defendant in Ohio must be tried within ninety days if incarcerated on the pending charge or within two hundred seventy days if on bail." State v. Coleman (1989), 45 Ohio St.3d 298, 304,544 N.E.2d 622.
 {¶ 7} However, the triple-count provision in R.C. 2945.71(E) applies only to defendants held in jail in lieu of bail solely on the pending charge. State v. Brown, *Page 5 64 Ohio St.3d 476, 479, 1992-Ohio-96, 597 N.E.2d 97; State v.MacDonald (1976), 48 Ohio St.2d 66, 357 N.E.2d 40, paragraph one of the syllabus; State v. Johnson, Cuyahoga App. Nos. 81692 — 81693, 2003-Ohio-3241. If the defendant is in jail on a separate unrelated case, the three-for-one provision does not apply, and the speedy trial time is counted on a one-for-one basis. See R.C. 2945.72;Coleman, supra; State v. Thieshen (1977), 55 Ohio App.2d 99,379 N.E.2d 622.
 {¶ 8} Anderson was arrested on March 25, 2005. However, when he was in jail, he was held in connection with another criminal matter (Case No. CR-464929) which involved unrelated charges. Because he was incarcerated in connection with multiple cases, the triple-count provision in R.C.2945.71(E) did not apply. Thus, Anderson should have been tried within 270 days of March 26, 2005, unless that period was tolled under R.C.2945.72.
 {¶ 9} R.C. 2945.72 identifies several circumstances which extend the time within which an accused must be brought to trial. The time may be extended when:
 "(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;
 (B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;
 (C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law; *Page 6 
 (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
 (G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;
 (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion * * *." Id.
 {¶ 10} In the instant case, Anderson requested a psychiatric examination to determine his competency to stand trial. He also filed motions for discovery, for a continuance, and to proceed pro se. In addition, Anderson filed an affidavit with the Ohio Supreme Court seeking to disqualify the assigned judge, which tolled the speedy trial time. The trial was also continued by the court to allow Anderson's trial in Case No. CR-464929 to proceed first. Anderson's trial was also continued pending the resolution of other cases on the court's docket. Because these motions tolled his speedy trial time under R.C. 2945.72, the court was well within the 270-day period when the instant case was brought to trial on January 12, 2006. Therefore, Anderson's right to a speedy trial was not violated.
 {¶ 11} Accordingly, the first assignment of error is overruled.
 {¶ 12} In the second assignment of error, Anderson argues that the trial court erred in refusing to calculate the number of days chargeable to the State for speedy trial purposes. He contends that the trial court dismissed his motion by stating: *Page 7 
"There are some days left." In the fourth assignment of error, Anderson argues that the trial court erred in "forcing" an unwilling attorney to assist in representing him. He refers to a motion filed on September 12, 2005 which is not contained in the record and to certain actions by his appointed counsel. In the sixth assignment of error, Anderson argues that the trial court erred to his prejudice when it overruled his motion to have his psychiatric records entered into evidence. He contends that the trial court erred because it proved that his "paranoid personality supported a claim of affirmative deference due to duress." In the seventh assignment of error, he argues that the trial court erred in proceeding to trial when his witness list had not yet reached the judge due to an error in the clerk's office. He also argues that several motions did not appear on the record, violating his equal protection and due process rights under the Ohio and United States Constitutions. However, he fails to specifically cite to the record to support his arguments.
 {¶ 13} According to App.R. 12(A)(2):
 "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."
App.R. 16(A)(7) states that an appellant shall include in his brief:
 "An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary." *Page 8 
 {¶ 14} An appellate court may rely on App.R. 12(A) in overruling or disregarding an assignment of error because of "the lack of briefing" on the assignment of error. Hawley v. Ritley (1988), 35 Ohio St.3d 157,519 N.E.2d 390. Moreover, it is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to any alleged error. State v. McGuire (Apr. 15, 1996), Preble App. No. CA95-01-001. "An appellate court is not a performing bear, required to dance to each and every tune played on an appeal." State v. Watson
(1998), 126 Ohio App.3d 316, 710 N.E.2d 340, quoting McGuire, supra.
 {¶ 15} In the instant case, Anderson failed to cite to the record to demonstrate that the trial judge refused to calculate the time left under the speedy trial statute. Furthermore, because the motions and witness list were not contained in the record and Anderson fails to point out where these alleged errors occurred, we decline to address these assignments of error. Thus, the second, fourth, sixth, and seventh assignments of error are overruled.
 {¶ 16} In the third assignment of error, Anderson contends that his conviction for escape was in error because his parole ended in October 2004. He contends that he was punished twice for the same offense in violation of the Double Jeopardy Clause of the United States Constitution. For the reasons that follow, we disagree.
 {¶ 17} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution is made applicable to the states through theFourteenth Amendment. It protects a criminal defendant from multiple prosecutions for the *Page 9 
same offense. Oregon v. Kennedy (1982), 456 U.S. 667, 671,102 S.Ct. 2083, 72 L.Ed. 2d 416.
 {¶ 18} In the instant case, Anderson was released from prison in January 2004 and placed on parole for a period of not less than one year, effective January 26, 2004. He failed to report to his parole officer in October 2004, well within the one-year period. Thus, his argument has no merit, and he was not subject to double jeopardy.
 {¶ 19} Therefore, the third assignment of error is overruled.
 {¶ 20} In the fifth assignment of error, Anderson argues that the trial court erred in denying his motion for a witness protection order. He sought to protect the identities of witnesses he intended to call at trial. In the thirteenth assignment of error, he argues that the trial court erred in denying his motion for disqualification of the judge for an alleged conflict of interest. He argues that the court erred because the trial judge failed to report the alleged misconduct of Anderson's appointed attorney. He contends that the trial court's denial of both motions prejudiced him and violated his constitutional rights. For the reasons that follow, we disagree.
 {¶ 21} It is well settled that the allowance or overruling of various motions in a criminal case rests within the sound discretion of the trial court, and only in cases of clear abuse will that discretion be disturbed upon review. See State v. Hill (1967), 12 Ohio St.2d 88,232 N.E.2d 394. *Page 10 
 {¶ 22} An abuse of discretion requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161,169, 559 N.E.2d 1301.
 {¶ 23} In the instant case, the record demonstrates that on August 11, 2005, the trial court granted (in part) Anderson's motion for a witness protection order and granted his motion to reactivate discovery pursuant to Crim.R. 16. The court advised Anderson that it would have to know the identity of his witnesses to protect them, and their identity would eventually be revealed when they came to testify at trial. The court advised Anderson that, because the State had served a discovery request on him, he was required to provide the State with a list of the witnesses he intended to call.
 {¶ 24} On November 14, 2005, the trial court addressed Anderson's motion for disqualification. The court found no basis for his motion and denied it in its entirety. Furthermore, the Ohio Supreme Court denied Anderson's affidavit seeking the trial judge's disqualification. Because the trial court granted Anderson's motion for witness protection in part and explained its reasoning for the witnesses' identity being revealed, we find no abuse of discretion. In addition, because the trial court *Page 11 
was within its discretion to deny the disqualification motion and the Ohio Supreme Court agreed, we find no error by the trial court.
 {¶ 25} Therefore, the fifth and thirteenth assignments of error are overruled.
 {¶ 26} In the eighth assignment of error, Anderson argues that the trial court erred in overruling his motion for jury selection underMiller v. Texas (2005), 546 U.S. 1039, 126 S.Ct 744, 163 L.Ed. 2d 582, and Johnson v. California (2004), 545 U.S. 162, 125 S.Ct. 2410,162 L.Ed. 2d 129, in violation of his due process and equal protection rights under the Ohio and United States Constitutions. He contends that the purpose of the motion was to ensure a cross-representation of the community in the jury pool. He further contends that the record does not show a disposition of his motion. However, Anderson's argument is without merit.
 {¶ 27} On August 1, 2005, Anderson filed a motion requesting the court to grant jury selection under Miller, supra and Johnson, supra. In a journal entry filed August 12, 2005, the court granted Anderson's motion for jury selection. Thus, the trial court disposed of the motion by granting it in Anderson's favor.
 {¶ 28} Therefore, the eighth assignment of error lacks merit and is overruled.
 {¶ 29} In the ninth assignment of error, Anderson argues that the trial court erred to his prejudice when it did not fully inform the jury of all of the elements of escape pursuant to R.C. 2921.34. He argues that this error denied him due process under the United States Constitution. *Page 12 
 {¶ 30} Generally, a trial court has broad discretion in deciding how to fashion jury instructions. State v. Blair (Dec. 4, 1997), Meigs App. No. 96 CA 27. However, the trial court must not fail to "* * * fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder." State v. Comen (1990), 50 Ohio St. 3d 206,553 N.E.2d 640, paragraph two of the syllabus. Additionally, a trial court may not omit a requested instruction if such instruction is "a correct, pertinent statement of the law and [is] appropriate to the facts * * *."State v. Lessin (1993), 67 Ohio St.3d 487, 493, 620 N.E.2d 72.
 {¶ 31} In determining whether to give a requested instruction, a trial court may inquire into the sufficiency of the evidence to support that instruction. If the evidence does not warrant the instruction, or if the instruction is not appropriate to the crime charged, the trial court is not obliged to give the instruction. See Lessin, supra. Thus, our review is limited to a determination as to whether the trial court abused its discretion when it found that a portion of the instruction did not pertain to the crime charged. State v. Wolons (1989), 44 Ohio St.3d 64,541 N.E.2d 443, paragraph two of the syllabus.
 {¶ 32} Anderson contends that the trial court erred by removing the "time" element from the offense. R.C. 2921.34(A)(1)defines escape as:
 "(A) (1) No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted *Page 13 
for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement."
 {¶ 33} The trial court instructed the jury that:
 "Before you can find the Defendant guilty, you must find beyond a reasonable doubt, that on or about the 30th day of December 2004, and in Cuyahoga County, Ohio, the Defendant, knowing he was under detention or being reckless in that regard, did purposely break or attempt to break detention, and the offense for which the Defendant was under detention was a felony of the first degree."
 {¶ 34} The trial court excluded the portion of the instruction involving an alleged failure to return to detention "either following temporary leave granted for a specific purpose or limited period, or at the time required, when serving a sentence in intermittent confinement" because Anderson's case did not involve his failure to return to detention following a temporary leave granted for a specific purpose or a limited period. Furthermore, the trial court found that the State had no evidence of those elements and the State's theory of liability did not involve Anderson's serving a sentence in intermittent confinement. Thus, we find that the trial court did not abuse its discretion when it instructed the jury on the escape charge.
 {¶ 35} Accordingly, the ninth assignment of error is overruled.
 {¶ 36} In the tenth assignment of error, Anderson argues that the trial court erred when it failed to instruct the jury on duress or necessity. He argues that this error "invoked an erroneous standard of evidence" under the Ohio and United States Constitutions. *Page 14 
 {¶ 37} However, we note that Anderson failed to object to any alleged "failure" by the trial court regarding an instruction on duress or necessity. When the court asked if there were any objections to the jury instructions, Anderson did not raise an objection to the trial court's failure to include the duress or necessity instructions. Thus, absent plain error, the failure to object to jury instructions is a waiver of the issue on appeal. See State v. Underwood (1983), 3 Ohio St.3d 12,444 N.E.2d 1332. Moreover, any error in the jury instructions is not plain error unless, but for the error, the outcome of the trial clearly would have differed. Id.
 {¶ 38} In reviewing the record, we find no significant errors or omissions regarding duress or necessity which would have changed the outcome of the trial. Therefore, the tenth assignment of error is overruled.
 {¶ 39} In the eleventh assignment of error, Anderson argues that the trial court erred when it "incorrectly assumed the existence of a prior charge (aggravated robbery) as the basis for enhancing his sentence." He maintains that this error denied him due process under the Ohio and United States Constitutions.
 {¶ 40} Although Anderson fails to cite to the record as required by App.R. 12 and l6, we will consider his argument, which we find meritless. Anderson was in fact convicted of aggravated robbery in Case No. CR 01-400933. Furthermore, Anderson's escape charge in the instant case was classified as a second degree felony because he was under detention for prior first degree felonies. As a second degree felony, the charge carried a possible two to eight years in prison. See R.C. *Page 15 2929.14. Anderson was sentenced to six years, which was clearly within the sentencing range for a second degree felony. Thus, his sentence was not "an enhancement based on the aggravated robbery conviction" because a prior first degree felony conviction is an element of the escape charge. Therefore, we find no error by the trial court.
 {¶ 41} Accordingly, the eleventh assignment of error is overruled.
 {¶ 42} In the twelfth assignment of error, Anderson argues that the court's refusal to allow him to admit certain documents into evidence and to give them to the jury during deliberations violated his equal protection and due process rights under the United States Constitution.
 {¶ 43} A trial court is afforded a wide range of discretion to exclude or admit evidence and its ruling will not be disturbed on appeal absent an abuse of discretion that amounts to prejudicial error. State v.Lundy (1987), 41 Ohio App.3d 163, 535 N.E.2d 66; State v. Graham (1979),58 Ohio St.2d 350, 390 N.E.2d 805. The decision to admit any evidence is guided by a determination of whether it is relevant. See Evid.R. 401 and 402.
 {¶ 44} Anderson contends that the "court certified documents" which he wanted to admit into evidence would have proved that he was "entitled to every day of his jail time" and that Phillips misled the jury into believing the State had a legitimate case for escape. However, our review of the record reveals that the trial court did not admit the documents into evidence because Anderson failed to *Page 16 
establish their relevance to the instant case. The court stated that the documents "all bear on an issue which is not in the case and that has to do with an escape conviction that you [Anderson] apparently had during a time you were earlier on parole * * *." The trial court appropriately determined that the evidence was not relevant, and we find no abuse of discretion.
 {¶ 45} Therefore, the twelfth assignment of error is overruled.
 {¶ 46} Accordingly, judgment is affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J. and MELODY J. STEWART, J. CONCUR
[1] In May 2005, at Anderson's request, he was referred to the Court Psychiatric Clinic to determine his competency to stand trial. Anderson refused to cooperate with the evaluations, so he was ordered to a 20-day inpatient evaluation at the North Coast Behavioral Healthcare Center. Doctors there concluded that Anderson was competent to stand trial. Anderson and the State stipulated to this finding in July 2005. *Page 1