[Cite as *State v. Thomas*, 2016-Ohio-7288.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| KEVIN ANTHONY THOMAS | : | Case No. 2016CA00031 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common
Pleas, Case No. 2015CR1678(A)




JUDGMENT:    Affirmed




DATE OF JUDGMENT:    October 11, 2016




APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN D. FERRERO                    AARON KOVALCHIK
Prosecuting Attorney                    116 Cleveland AveuenN.W.
By: RONALD MARK CALDWELL            Suite 808
Assistant Prosecuting Attorney            Canton, OH  44702
110 Central Plaza South – Suite 510
Canton, OH  44702

*Farmer, P.J.*

{¶1} On December 4, 2015, the Stark County Grand Jury indicted appellant, Kevin Anthony Thomas, on one count of breaking and entering in violation of R.C. 2911.13(A). Said charge arose from items stolen from a shed belonging to Kelli Henderhan-Miller.

{¶2} A jury trial was held on January 7, 2016. The trial court found appellant guilty as charged. By judgment entry filed January 13, 2016, the trial court sentenced appellant to twelve months in prison.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶4} "APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

I

{¶5} Appellant claims his conviction was against the sufficiency and manifest weight of the evidence as a positive identification of him as the individual who stole items from the shed was not made, there was no DNA evidence linking him to the crime scene, and there was no substantial nexus between his presence in the pickup truck along with the stolen items. We disagree.

{¶6} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have

found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶7} We note circumstantial evidence is that which can be "inferred from reasonably and justifiably connected facts." *State v. Fairbanks,* 32 Ohio St.2d 34 (1972), paragraph five of the syllabus. "[C]ircumstantial evidence may be more certain, satisfying and persuasive than direct evidence." *State v. Richey,* 64 Ohio St.3d 353, 1992-Ohio-44. It is to be given the same weight and deference as direct evidence. *Jenks, supra.*

{¶8} Appellant was convicted of breaking and entering in violation of R.C. 2911.13(A) which states: "No person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony."

{¶9} Kelli Henderhan-Miller testified she was awakened around 1:30 a.m. by noise coming from her backyard. T. at 84. She looked out her bedroom window and observed an individual "[l]ooked like male, with dark clothing on" "coming in and out" of her shed. T. at 85-86. She was unable to identify or recognize the individual's facial

features, but could tell it was a male by the person's build and walk. T. at 86. She called the police to report the break-in and told the dispatcher the individual went through a fence gate, came back through the gate, and headed east toward Lehman Middle School and West Valentine Street. T. at 87-88, 92.

{¶10} Stark County Sheriff's Deputies Mike Mayle and Derek Little were dispatched to the scene and arrived within five minutes of the call. T. at 105, 110. The deputies drove westbound on West Valentine Street and observed a pickup truck parked off the side of the road in the immediate vicinity of the call. T. at 97-98, 110. Neither deputy observed any other traffic or individuals "out and about." T. at 98-99, 111.

{¶11} As the deputies approached the vehicle, they observed a male get into the driver's seat and a female in the passenger seat. T. at 98, 110-112. As soon as the deputies pulled up, the two individuals ducked their heads down into the vehicle. T. at 98, 111-112. The deputies stopped and Deputy Mayle approached the passenger side and Deputy Little approached the driver's side. T. at 99, 112. They each told the deputies they were parked there to engage in oral sex. T. at 101, 113. They were fully clothed and appellant was wearing dark clothing. T. at 101-102, 113. In the bed of the pickup truck, the deputies observed landscaping items, items that would be stored in a garage or a shed. T. at 102, 114; State's Exhibits 2A-2G. Appellant first claimed he was in the landscaping business and the items were "all his stuff. And then he changed his story to a buddy of his called him and told him the stuff was sitting there for him to come pick it up." T. at 114.

{¶12} Ms. Henderhan-Miller identified the items found in appellant's truck as her property that was stored in the shed. T. at 88-90, 104, 114-115; State's Exhibit 2A-2F.

Footprints in the light snow or heavy dew were tracked from the pickup truck to Ms. Henderhan-Miller's shed.  T. at 104.

{¶13}  We find the evidence supports the conviction for breaking and entering. There was direct evidence of the location of appellant's pick-up truck in close proximity to the shed, the deputies were on the scene within five minutes of the call, no other traffic or individuals were observed in the area, items from the shed were discovered in the bed of appellant's pick-up truck, and footprints were tracked from the pickup truck to the shed.

{¶14}  Upon review, we find sufficient evidence was presented to support the conclusion that appellant was the individual who broke into the shed and took the items, and find no manifest miscarriage of justice.

{¶15}  The sole assignment of error is denied.

{¶16} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Farmrer, P.J.

Hoffman J. and

Baldwin, J. concur.

SGF/sg 928