This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Bernie Ingram has appealed from orders of the Summit County Court of Common Pleas that denied his pretrial motions 1) to suppress evidence, 2) for a change of venue, and 3) to sever the charges of the indictment for separate trials. This Court affirms.
 I.
{¶ 2} In September 2001, two victims were robbed at the Brubaker Insurance Company in Norton, Ohio. One of the victims called out to David George, a bystander, to call the police. Instead of immediately calling the police, Mr. George pursued the robbers' getaway car and recorded the vehicle's license plate number. Mr. George then called the Norton Police Department and reported the robbery, and gave police the license plate number of the suspects' automobile.
{¶ 3} Detective John Dalessandro conducted a check of the license plate number, and discovered that the suspects' vehicle was registered to Appellant. The detective independently presented to each victim a photo array consisting of six photos, including a picture of Appellant. Both victims selected the picture of Appellant and identified him as one of the assailants.
{¶ 4} In November 2001, Appellant was indicted on one count of having a weapon while under a disability, in violation of R.C. 2923.13(B), and two counts of aggravated robbery, in violation of R.C. 2911.01(A)(1). Both counts of aggravated robbery included firearm specifications, pursuant to R.C. 2941.145. Appellant entered a plea of not guilty to the charges of the indictment, and filed a motion to suppress the photo array, a motion for a change of venue, and a motion to sever the charges for separate trials. After a hearing, the trial court denied all three motions. Pursuant to the state's motion, the court subsequently reduced the charges of aggravated robbery to charges of robbery, and dismissed the charge of having a weapon under a disability and the firearm specifications. Appellant then entered a plea of no contest to the two counts of robbery. The court found Appellant guilty on both counts, and sentenced him to a term of four years imprisonment on each count, to be served concurrently. Appellant has timely appealed, asserting two assignments of error.
 II. Assignment of Error Number One
{¶ 5} "THE COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS THE PHOTO ARRAY AND IDENTIFICATION OF APPELLANT."
{¶ 6} In his first assignment of error, Appellant has argued that the trial court erred in overruling his motion to suppress the victims' identification of Appellant from a photo array. Appellant has contended that the procedures used to identify him were unduly suggestive and unreliable because his name appeared on the photograph of him used in the array.
{¶ 7} In reviewing the trial court's ruling on Appellant's motion to suppress the photo array, this Court reviews the trial court's findings of fact only for clear error, giving due weight to the inferences drawn from those facts. Ornelas v. United States (1996),517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911; State v. Hickman, 9th Dist. No. 20883, 2002-Ohio-3406, ¶ 5. Accordingly, we accept the trial court's factual findings if they are supported by some competent, credible evidence. State v. Bankhead (Feb. 25, 2000), 1st Dist. No. C-990139, 2000 Ohio App. LEXIS 635, at *2, appeal not allowed (2001),91 Ohio St.3d 1482, citing State v. Guysinger (1993), 86 Ohio App.3d 592,594. We then independently determine, without deferring to the trial court's conclusions, whether the court's properly supported factual findings meet the applicable legal standard. Bankhead, supra at *2, citing Ornelas, 517 U.S. 690.
{¶ 8} "`When a witness has been confronted with a suspect before trial, due process requires a court to suppress her identification of the suspect if the confrontation was unnecessarily suggestive of the suspect's guilt and the identification was unreliable under all the circumstances.' (Emphasis added.)" State v. Murphy (1991),91 Ohio St.3d 516, 534, certiorari denied (2002), 534 U.S. 1116,122 S.Ct. 926, 151 L.Ed.2d 889, quoting State v. Waddy (1992),63 Ohio St.3d 424, 438. Thus, a defendant seeking to suppress a pretrial identification must first establish that the identification procedure was unnecessarily suggestive. State v. Wills (1997), 120 Ohio App.3d 320,324, appeal not allowed (1997), 80 Ohio St.3d 1409. If the defendant meets this burden, the court must then determine whether the identification procedure was so unduly suggestive as to give rise to irreparable mistaken identification. Id.; see, also, Simmons v. UnitedStates (1968), 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247. In making this determination, "the court looks to several factors, including the size of the array, its manner of presentation, and its contents."State v. Brown (Aug. 19, 1998), 9th Dist. No. 18591, at 7.
{¶ 9} Appellant has contended that the identification procedure was unnecessarily suggestive because his name appeared on the sheet of paper containing his photograph used in the photo array, while none of the other photos included the names of the persons depicted. Appellant has argued that conversations between police and dispatchers in which Appellant's name was spoken may have been broadcast over the police radio frequency within earshot of the victims. Appellant has maintained that the victims might have heard Appellant's name being broadcast over the police radio, and may have been influenced thereby to identify Appellant from the photo array based on his name rather than his appearance.
{¶ 10} Detective Dalessandro was the sole witness to testify at the hearing on the motion to suppress. The detective testified that he first heard Appellant's name in connection with the case while en route to the scene of the robbery. He then contacted the police department's dispatcher and requested that she retrieve a photograph of Appellant from the Bureau of Motor Vehicles' ("BMV") files. The detective stated that the dispatcher relayed the description of Appellant contained in the file. Detective Dalessandro testified that he then spoke with the victims, who provided descriptions matching the dispatcher's description of Appellant, and requested that the dispatcher generate several more photographs from the BMV files for purposes of producing a photo array. The detective stated that he was uncertain whether these communications were transmitted over his cruiser's police radio or by cellular telephone. The detective also testified that other officers reached the scene and spoke with the victims before he arrived at the Brubaker Insurance Company.
{¶ 11} The photographs used for the photo array were introduced into evidence without objection at the suppression hearing. The array consisted of six letter-sized sheets of paper numbered one through six. Each sheet contained a color photograph of a black male and personal information relating to the individual represented in the photograph. Specifically, the personal information included a social security number, an operator's license number, hair and eye colors, height, and weight. Each sheet contained other information, including the source of the photograph, the date and time of the search request, and the person who made the request. On the sheet containing Appellant's photograph and corresponding information was included a line reading: "Comment: BERNIE INGRAM." The remaining sheets did not include the names of the persons represented in the photographs.
{¶ 12} Detective Dalessandro testified that he independently showed each victim the photo array, and each identified Appellant's picture as the photograph of one of the assailants. The detective stated that the victims did not know the name of the suspect at the time he presented the photo array to them. According to the detective, each victim became visibly shaken upon seeing the photograph of Appellant.
{¶ 13} After thoroughly reviewing the record, we conclude that the trial court properly determined that the identification procedure by which the victims identified Appellant's photograph was not unnecessarily suggestive. The record is bereft of any evidence that the victims heard Appellant's name prior to their identification of his picture in the photo array. On the contrary, Detective Dalessandro testified that the victims did not have any idea of the name of any suspects prior to his presentation of the photo array. Appellant's inference, based on the detective's concession that it was possible that the victims heard Appellant's name being broadcast over the police radio, is mere speculation. The detective could not positively rule out Appellant's theory because he was not present with the victims at the time Appellant has argued that they may have overheard the broadcasting of his name.
{¶ 14} Because the photo array was not unduly suggestive, any remaining questions as to reliability go to the weight rather than the admissibility of the identification. Wills, 120 Ohio App.3d at 325. Appellant's first assignment of error is without merit.
 Assignment of Error Number Two
{¶ 15} "THE COURT ERRED IN OVERRULING [APPELLANT'S] MOTIONS FOR CHANGE OF VENUE AND TO SEVER THE CHARGES FOR TRIAL."
{¶ 16} In his second assignment of error, Appellant has argued that the trial court erred in denying his motions for a change of venue and to sever the charges of the indictment for separate trials. As Appellant's second assignment of error raises two distinct issues, we will separately address each in turn.
{¶ 17} Appellant has first argued that pretrial publicity regarding himself and the events leading to his arrest and trial predisposed potential jurors in Summit County to believe that he was guilty. Pursuant to Crim.R. 18(B), a trial court "may transfer an action to any court having jurisdiction of the subject matter outside the county in which trial would otherwise be held, when it appears that a fair and impartial trial cannot be held in the court in which the action is pending." Whether to order a change of venue "`rests largely in the discretion of the trial court, and *** appellate courts should not disturb the trial court's ruling *** unless it is clearly shown that the trial court had abused its discretion.'" State v. Maurer (1984),15 Ohio St.3d 239, 250, certiorari denied (1985), 472 U.S. 1012,105 S.Ct. 2714, 86 L.Ed.2d 728, quoting State v. Fairbanks (1972),32 Ohio St.2d 34, 37. Although "[p]retrial publicity can undermine a trial's fairness[,]" State v. Landrum (1990), 53 Ohio St.3d 107, 117, certiorari denied (1991), 498 U.S. 1127, 111 S.Ct. 1092,112 L.Ed.2d 1196, a "`careful and searching voir dire provides the best test of whether prejudicial pretrial publicity has prevented obtaining a fair and impartial jury from the locality.'" Id., quoting State v. Bayless
(1976), 48 Ohio St.2d 73, 98, vacated on other grounds (1978),438 U.S. 911, 98 S.Ct. 3135, 57 L.Ed.2d 1155.
{¶ 18} In support of his motion in the trial court, Appellant offered into evidence two newspaper articles describing the circumstances of the robbery and identifying Appellant as the primary suspect. Appellant presented no evidence with respect to how many potential jurors may have been exposed to the articles, or the effect of any such exposure on potential jurors. In denying the motion, the trial court made clear that it would reconsider Appellant's motion in the event that the court experienced difficulty in impaneling a jury that would fairly and impartially hear the case. Because he entered a plea of no contest and was found guilty by the trial court before the commencement of any voir dire proceedings, there is no record of any prejudicial effect from pretrial publicity.
{¶ 19} As Appellant has failed to demonstrate any prejudice from the publication of the newspaper articles he submitted into evidence, we conclude that the trial court did not abuse its discretion in denying his motion for a change of venue.
{¶ 20} Appellant has next argued that the trial court erred in denying his motion to sever the charge of having a weapon under a disability from the remaining counts of the indictment for separate trials. Crim.R. 8(A) provides that joinder of offenses is proper if the offenses "are based on the same act or transaction." However, "[i]f it appears that a defendant *** is prejudiced by a joinder of offenses *** in an indictment, *** the court shall order an election or separate trial of counts, *** or provide such other relief as justice requires." Crim.R. 14. In order to prevail on a claim that the trial court erred in denying a motion to sever charges for separate trials, an appellant:
{¶ 21} "[H]as the burden of affirmatively showing that his rights were prejudiced; he must furnish the trial court with sufficient information so that it can weigh the considerations favoring joinder against the defendant's right to a fair trial, and he must demonstrate that the court abused its discretion in refusing to separate the charges for trial." State v. Torres (1981), 66 Ohio St.2d 340, syllabus.
{¶ 22} Appellant has contended that the admission into evidence of his prior record of convictions, which was an essential element of the charge of having a weapon under a disability, would have prejudiced the jury in its consideration of his guilt or innocence of the felony robbery charges. However, at the hearing at which the trial court accepted Appellant's no contest plea, counsel for both Appellant and the state averred that the "firearm" originally thought to be used by Appellant during the commission of the robbery was, in fact, later determined to be a BB or a pellet gun. Consequently, the state moved to dismiss the charge of having a weapon under a disability and the firearm specifications, and to reduce the counts of aggravated robbery to robbery. As the trial court dismissed the charge of having a weapon under a disability, Appellant's argument that the trial court erred in denying his motion to sever that charge from the remaining counts has been rendered moot. See, e.g., Statev. Smith (Oct. 29, 1997), 9th Dist. No. 96CA006463, at 4 (finding argument that trial court erred in denying motion to sever bribery charge from murder charge was moot where appellant was acquitted of murder, and thus could have suffered no prejudice from the joinder). Appellant's second assignment of error is not well taken.
 III.
{¶ 23} Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
BAIRD, P.J. CONCURS.
CARR, J. CONCURS IN JUDGMENT ONLY.