[Cite as *State v. Sullivan*, 2012-Ohio-4358.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| LEONARD M. SULLIVAN | : | Case No. 12CAA020009 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:       Appeal from the Court of Common
                               Pleas, Case No. 11CRI040237A



JUDGMENT:                      Affirmed



DATE OF JUDGMENT:              September 24, 2012



APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

DOUGLAS DUMOLT                            O. ROSS LONG
140 North Sandusky Street                 125 North Sandusky Street
Third Floor                               Delaware, OH  43015
Delaware, OH  43015

*Farmer, J.*

{¶1} On April 22, 2011, the Delaware County Grand Jury indicted appellant, Leonard Sullivan, on two counts of aggravated robbery in violation of R.C. 2911.01, one count of theft in violation of R.C. 2913.02, and two counts of conspiracy in violation of R.C. 2923.01. Said charges arose from the robbery of Sabrina Terry of deposit bags which she had just picked up from two different McDonald's restaurants to transport to the bank. Appellant was the morning manager of the first McDonald's restaurant, and was the brother of Adam Sullivan who was involved in the robbery with Hubert Chafins and Kenneth Page. Appellant was accused of texting/telephoning Adam and informing him of who the courier would be.

{¶2} A jury trial commenced on November 9, 2011. At the conclusion of the state's case-in-chief and again at the conclusion of the case, appellant moved for a Crim.R. 29 motion for acquittal. The motions were denied. The jury found appellant guilty as charged. By judgment entry filed February 14, 2012, the trial court merged the counts and sentenced appellant to five years in prison.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶4} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY DENYING APPELLANT'S RULE 29 MOTION AT THE CLOSE OF BOTH THE STATE'S EVIDENCE AND AT THAT CLOSE OF THE DEFENSE EVIDENCE."

II

{¶5}  "THE APPELLANT'S CONVICTION FOR ROBBERY IS UNSUPPORTED BY SUFFICIENT EVIDENCE."

III

{¶6}  "THE APPELLANT'S CONVICTION FOR ROBBERY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I, II, III

{¶7}  Appellant claims the trial court erred in denying his motions for acquittal pursuant to Crim.R. 29, and the verdict was against the sufficiency and manifest weight of the evidence.  We disagree.

{¶8}  Because all three assignments involve a review of the evidence, we will discuss them jointly.

{¶9}  Crim.R. 29 governs motion for acquittal.  Subsection (A) states the following:

{¶10} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.  The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."

{¶11} The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in *State v. Bridgeman* (1978), 55 Ohio St.2d 261, syllabus:

{¶12} "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."

{¶13} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks* (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175. See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶14} We note circumstantial evidence is that which can be "inferred from reasonably and justifiably connected facts." *State v. Fairbanks* (1972), 32 Ohio St.2d 34, paragraph five of the syllabus. "[C]ircumstantial evidence may be more certain, satisfying and persuasive than direct evidence." *State v. Richey,* 64 Ohio St.3d 353,

1992-Ohio-44. It is to be given the same weight and deference as direct evidence. *Jenks,* supra.

{¶15} Appellant was convicted of two counts of aggravated robbery in violation of R.C. 2911.01, one count of theft in violation of R.C. 2913.02, and two counts of conspiracy in violation of R.C. 2923.01. Pursuant to R.C. 2941.25, the trial court merged the counts and sentenced appellant on Count 2, aggravated robbery:

{¶16} "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:

{¶17} "(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;

{¶18} "(2) Have a dangerous ordnance on or about the offender's person or under the offender's control;

{¶19} "(3) Inflict, or attempt to inflict, serious physical harm on another."

{¶20} Appellant does not contest the fact that the aggravated robbery of Sabrina Terry occurred and that Hubert Chafins and Kenneth Page were involved in the crime. Appellant also appears not to contest that his brother Adam was involved. What appellant does contest is the sole evidence that the state contends connects him to the crime: text and telephone messages between him and his brother made at the time of robbery. Appellant argues it is only "conjecture and speculation" that connects him to the crime. Appellant's Brief at 18. Appellant argues although there was direct testimony about the robbery, the jury was called upon to make an inference upon an inference in

determining that he was the "inside man" who set up the robbery and informed his brother Adam of the deposit procedures and the descriptions of the courier and her vehicle.

{¶21} Apart from appellant's testimony wherein he denied involvement in the robbery, all the evidence was presented in the state's case-in-chief.

{¶22} The direct evidence established that Adam, Mr. Chafins, and Mr. Page staked out the first McDonald's on Orion until the courier, Sabrina Terry, was seen leaving. T. at 158-159, 178, 189. They knew her by a description given to them of her vehicle. T. at 158, 178, 189. They followed Ms. Terry and when she completed her second pick up at the Gemini McDonald's, Mr. Page robbed her at gunpoint. T. at 160, 179-180. The identity and description of the courier and her vehicle were unknown until the time immediately preceding the first pick up. T. at 155, 157, 167, 178, 189. The three then proceeded to Mr. Chafins's house to split the proceeds four ways, as Adam took one-fourth of the proceeds for the "other guy." T. at 161-162, 182.

{¶23} It is the state's position that the "other guy" was appellant. To support this theory is the testimony of the courier, Ms. Terry. Ms. Terry was a former employee of McDonald's who on the day of the robbery, was filling in for the usual money courier. T. at 16. She had not done it in the recent past. As a money courier, she wore regular clothes, not a McDonald's uniform, and was driving her own vehicle. T. at 19, 167. To anyone staking out the McDonald's, they would have no prior knowledge of her or her vehicle. No one would be able to identify her as the money courier except that the normal Monday morning procedure included a money pick up. T. at 19, 30. Ms. Terry carried the money in an oversized "Jessica Simpson" bag. T. at 19. Her first stop was

to the Orion McDonald's wherein appellant was the morning supervisor. T. at 19-21. Her second stop was the Gemini McDonald's. T. at 28-29.

{¶24} Appellant's brother Adam was the initiator of the plan to rob the courier for McDonald's. T. at 168. Adam, Mr. Chafins, and Mr. Page met at 8:30 a.m. and about fifteen minutes later, drove to the Orion McDonald's to wait and watch for the courier. T. at 155-156. Ms. Terry arrived at the Orion McDonald's between 10:00/10:30 a.m. T. at 19. Adam and appellant texted at 8:27/8:29 a.m. and several more times between 9:52 a.m. and 10:26 a.m. T. at 86, 92-93, 135; State's Exhibit 9. At 10:28 a.m., appellant called Adam, almost an hour and a half before the robbery, and then they texted at 10:46/10:47 a.m. and again at 12:25/12:27 p.m., approximately twenty minutes after the robbery. T. at 101; State's Exhibit 9. The mapping of the cell phone towers and telephone calls established Adam and Mr. Chafins were in the area of the robbery at the time in question and appellant was at the Orion McDonald's. T. at 103-104; State's Exhibit 10. Adam was on the telephone with someone just prior to telling Mr. Chafins the description of the courier's vehicle. T. at 167.

{¶25} It is clear from the direct evidence that Adam, Mr. Chafins, and Mr. Page did not know the identity of the courier. They only way they could have known was with some inside information. The police immediately suspected there was an inside person, but eliminated the owners and Ms. Terry and her boyfriend. T. at 65, 67-68. The only suspects left were the employees at the Orion McDonald's. The only person at the Orion McDonald's who was in constant contact with Adam was appellant.

{¶26} We find the sufficient credible direct evidence, coupled with the circumstantial evidence, leads to the identity of appellant as the fourth suspect and the insider who supplied the information about the identity of the courier.

{¶27} Upon review, we find the trial court did not err in denying appellant's Crim.R. 29 motions for acquittal, and find no manifest miscarriage of justice.

{¶28} The sole assignment of error is denied.

{¶29} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Hoffman, J. concur.


s / Sheila G. Farmer_____


 s/ W. Scott Gwin_____


s/ William B. Hoffman_____

JUDGES


SGF/sg

[Cite as *State v. Sullivan*, 2012-Ohio-4358.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| LEONARD M. SULLIVAN | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 12CAA020009 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed. Costs to appellant.

s / Sheila G. Farmer_____

_s/ W. Scott Gwin_____

s/ William B. Hoffman_____

JUDGES