[Cite as *State v. Arquilla*, 2012-Ohio-3925.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | |
| NINO A. ARQUILLA | : | Case No. 11AP110045 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the New Philadelphia
                                Municipal Court, Case No.
                                TRC1003644

JUDGMENT:                       Affirmed

DATE OF JUDGMENT:               August 24, 2012

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

DOUG JACKSON                              FREDERICK PITINII
150 East High Avenue                      Bank One Tower
Suite 113                                 101 Central Plaza South
New Philadelphia, OH  44663               Suite 1000
                                          Canton, OH  44702

*Farmer, J.*

{¶1} On July 24, 2010, a vehicle driven by Kristine Himes was struck in the rear while stopped to make a left turn. The driver who struck Ms. Himes left the scene without stopping to speak with Ms. Himes. Another motorist, Sarah Goff, witnessed the accident and followed the vehicle to obtain its license plate number. Ms. Goff returned to the scene of the accident and gave the plate number to Ms. Goff and made a statement to the investigating officer, Ohio State Highway Patrol Trooper Roy Beach.

{¶2} Trooper Beach ran the license plate number and discovered the vehicle was owned by Kim Hunt. Trooper Beach went to Ms. Hunt's residence whereupon Ms. Hunt stated her boyfriend, appellant, Nino Arquilla, had possession of her vehicle.

{¶3} Following an investigation, appellant was charged with operating a motor vehicle while under the influence in violation of R.C. 4511.19, failure to maintain assured clear distance in violation of R.C. 4511.21, leaving the scene in violation of R.C. 4549.02, and operating a motor vehicle without a valid driver's license in violation of R.C. 4510.12.

{¶4} A bench trial before a magistrate commenced on April 14, 2011. By decision filed same date, the magistrate found appellant guilty as charged and recommended a total aggregate sentence of three hundred and sixty days in jail. Appellant filed objections. By judgment entry filed November 7, 2011, the trial court denied the objections and approved and adopted the magistrate's decision.

{¶5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶6}   "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO COMPLY WITH THE REQUIREMENTS OF OHIO CRIMINAL RULE 5 AND ADVISING THE APPELLANT OF HIS RIGHT TO JURY TRIAL."

II

{¶7}   "THE APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL."

III

{¶8}   "THE MAGISTRATE ERRED IN IMPOSING CONSECUTIVE AND MAXIMUM SENTENCES."

IV

{¶9}   "THE TRIAL COURT'S FINDING OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."

I

{¶10}  Appellant claims the trial court erred in not informing him of his right to a jury trial.  We disagree.

{¶11}  Crim.R. 5(A)(5) states a trial court shall inform a defendant "[o]f his right, where appropriate, to jury trial and the necessity to make demand therefor in petty offense cases."

{¶12}  Although a transcript of the arraignment hearing was filed, appellant argues there is no proof that he was present at the time of the trial court's Crim.R. 5 admonitions as the magistrate addressed the defendants as a group.  July 29, 2010 T.

at 2-3. However, there is a judgment entry signed by the trial court and filed on August 2, 2010 setting the trial date and stating, "[y]ou are also advised that if you are entitled to and demand a jury trial, you must file a JURY DEMAND in writing at least ten (10) days before the date set for trial."

{¶13} Upon review, we conclude the trial court informed appellant of his right to a jury trial.

{¶14} Assignment of Error I is denied.

II

{¶15} Appellant claims he was denied the effective assistance of trial counsel as his counsel failed to object to a hearsay statement, failed to file a motion to suppress on probable cause to arrest, and failed to request a separation of witnesses. We disagree.

{¶16} The standard this issue must be measured against is set out in *State v. Bradley* (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:

{¶17} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

{¶18} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."

{¶19} The witness, Ms. Goff, testified after she observed the accident and the driver leave the scene, she and her fiancé followed the vehicle (a maroon Ford Excursion) to obtain the license plate number. T. at 12, 14-15. Ms. Goff was driving so her fiancé wrote down the number. T. at 17. They returned to the scene and Ms. Goff gave the number to Ms. Himes who in turn read the number to the police dispatcher. T. at 16. The plate was registered to Kim Hunt who testified appellant had possession of the vehicle at the time of the accident. T. at 30.

{¶20} Appellant claims the license plate number information given by Ms. Goff was not of her personal knowledge. Ms. Goff specifically testified she followed the vehicle to obtain the plate number and because she was driving, her fiancé wrote down the number. We fail to find that her testimony was hearsay as it was made with her personal knowledge.

{¶21} Appellant claims his trial counsel should have filed a motion to suppress because there was no probable cause to arrest him. From the trial record, evidence was presented to establish that appellant consumed alcohol between 5:00 p.m. and 6:30 p.m. the evening of the accident which occurred at approximately 8:30 p.m. T. at 10, 28-29. Trooper Beach had a physical description of the driver and the license plate number of the vehicle. T. at 45-47. When Trooper Beach found the vehicle, it had front-end damage "very consistent with a collision to the front of the vehicle." T. at 51. Trooper Beach noticed that appellant had a strong odor of alcoholic beverage about his person and his eyes were bloodshot and glassy. T. at 50. Appellant refused to perform field sobriety tests. T. at 50, 59. Trooper Beach based his arrest of appellant for operating a motor vehicle while under the influence on the following observations:

{¶22} "A. The strong odor of the alcoholic beverage coming from Mr. Arquilla when he spoke, his eyes were bloodshot and glassy, he admitted to consuming alcohol - - he admitted to consuming alcohol but he stated he hadn't consumed anything for the last seven hours so that told me that he had nothing after the crash according to him, and his uncooperative nature and failure to do the field sobriety tests.

{¶23} "Q. Would the crash itself lead you to an indication of impairment?

{¶24} "A. Absolutely.

{¶25} "Q. Tell me about that.

{¶26} "A. Well, first of all, he ran into the back of somebody and then the witness also stated that there was no braking which is consistent with somebody possibly under the influence of alcohol failure to see the vehicle in front of them.

{¶27} "Q. No reaction.

{¶28} "A. Correct.  And then leaving the scene would be consistent also with possibly an impaired driver not wanting to stick around at the scene."  T. at 53-54.

{¶29}  Probable cause to arrest exists when a reasonable prudent person would believe that the person arrested had committed a crime.  *State v. Timson* (1974), 38 Ohio St.2d 122.  A determination of probable cause is made from the totality of the circumstances.  Factors to be considered include an officer's observation of some criminal behavior by the defendant, furtive or suspicious behavior, flight, events escalating reasonable suspicion into probable cause, association with criminal and locations.  Katz, Ohio Arrest, Search and Seizure (2001 Ed.), 83-88, Sections. 3.12-3.19.

{¶30} The testimony does not reflect that a motion to suppress to challenge probable cause to arrest would have been successful.

{¶31} Appellant claims his counsel should have asked for a separation of witnesses in particular, Trooper Beach. Trooper Beach was the arresting officer and it was he who signed the complaint. A law enforcement officer is permitted to remain in the courtroom as a representative of the state even if the officer is to be a witness. Evid.R. 615; *State v. Fuller* (September 26, 1997), Hamilton App. No. C-960753. We are unaware that this practice is a constitutional violation or that it affected the outcome of the trial.

{¶32} Upon review, we do not find any ineffective assistance of counsel on the complained of issues.

{¶33} Assignment of Error II is denied.

III

{¶34} Appellant claims the trial court erred in granting consecutive, maximum sentences. We disagree.

{¶35} In sentencing appellant, the magistrate stated the following:

{¶36} "Everybody here knows what happened. Your girlfriend came up to your house, she brought alcohol, you and she argued, she left and came home. You - - whether you continued to drink or not I don't know, but obviously you were following up following an argument with your girlfriend, you came down 77, you got off 212, you turned left, you were headed to her house, your weren't paying attention, you were impaired and you destroyed her vehicle. And then you went and you continued to your girlfriend's house, you never told her what happened, you never called the police, you

parked the vehicle over on the side where nobody would see it, you got on the computer and you were trying to figure out what you were going to do because you knew that you were probably going to be going to prison because as the prosecutor pointed out it was a felony situation. Why it ended up in this court is not my call. But that is what happened that night and there's no question about any of it. So you can sit there and think whatever you want to think and pretend whatever you want to pretend. You, as these people learned the hard way, are a dangerous person because you're almost like sociopathic. You have no empathy, you have no concern about anybody but you. You didn't care if her neck was broken, you didn't care anything about her. All you cared about was that you might get caught and get in trouble again and have to go to prison and that was the only concern that you had that night. Those are the facts and that's how I have to make my decision. Your driving record is atrocious. Probably one of the worst that we've seen. Maybe not the worst but one of the worst. I don't see anything mitigating here in any way, shape or form, not one mitigating fact in this case, nothing that mitigates in your favor. Everything is aggravated." T. at 82-83.

{¶37} Appellant's record includes several convictions for driving under the influence in " '87, '88, '96, '96, '96, '98 and 2001. And that one, the 2001, I believe was a felony conviction because it was out of Stark County Common Pleas Court." T. at 77. The trial court noted "all of those convictions are also convictions for driving under suspension. You know, what is most notable is the fact that he hasn't had a driver's license since 1992. He shouldn't be driving at all." Id.

{¶38} Upon review, we fail to find the trial court erred in sentencing appellant, considering the length of appellant's record and his attitude and indifference to the accident he caused.

{¶39} Assignment of Error III is denied.

IV

{¶40} Appellant claims his convictions were against the sufficiency and manifest weight of the evidence. We disagree.

{¶41} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks* (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175. See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175. We note circumstantial evidence is that which can be "inferred from reasonably and justifiably connected facts." *State v. Fairbanks* (1972), 32 Ohio St.2d 34, paragraph five of the syllabus. "[C]ircumstantial evidence may be more

certain, satisfying and persuasive than direct evidence." *State v. Richey,* 64 Ohio St.3d 353, 1992-Ohio-44. It is to be given the same weight and deference as direct evidence. *State v. Jenks* (1991), 61 Ohio St.3d 259.

{¶42} Appellant was convicted of operating a motor vehicle while under the influence in violation of R.C. 4511.19(A)(1)(a), failure to maintain assured clear distance in violation of R.C. 4511.21(A), leaving the scene in violation of R.C. 4549.02, and operating a motor vehicle without a valid driver's license in violation of R.C. 4510.12:

{¶43} "[R.C. 4511.19(A)(1)(a)] No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:

{¶44} "(a) The person is under the influence of alcohol, a drug of abuse, or a combination of them.

{¶45} "[R.C. 4511.21(A)] No person shall operate a motor vehicle, trackless trolley, or streetcar at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead.

{¶46} "[R.C. 4549.02] In case of accident to or collision with persons or property upon any of the public roads or highways, due to the driving or operation thereon of any motor vehicle, the person driving or operating the motor vehicle, having knowledge of the accident or collision, immediately shall stop the driver's or operator's motor vehicle at the scene of the accident or collision and shall remain at the scene of the accident or

collision until the driver or operator has given the driver's or operator's name and address and, if the driver or operator is not the owner, the name and address of the owner of that motor vehicle, together with the registered number of that motor vehicle, to any person injured in the accident or collision or to the operator, occupant, owner, or attendant of any motor vehicle damaged in the accident or collision, or to any police officer at the scene of the accident or collision.

{¶47} "[R.C. 4510.12] No person, except those expressly exempted under sections 4507.03, 4507.04, and 4507.05 of the Revised Code, shall operate any motor vehicle upon a public road or highway or any public or private property used by the public for purposes of vehicular travel or parking in this state unless the person has a valid driver's license issued under Chapter 4507. of the Revised Code or a commercial driver's license issued under Chapter 4506. of the Revised Code."

{¶48} Appellant argues there was insufficient proof to establish that he was the operator of the vehicle, the maroon Ford Excursion, when it crashed into the rear of Ms. Himes's vehicle.

{¶49} Ms. Goff testified she observed a maroon Ford Excursion strike the rear of a vehicle and then leave the scene. T. at 12-13. She and her fiancé followed the Excursion to obtain its license plate number. T. at 14-15. Ms. Goff testified she observed only a driver and no passengers, and from a silhouette, the driver appeared to be "bigger, you know, taller, huskier, long hair" and wearing "some sort of hat or something on." T. at 15, 25. Appellant matched this description. T. at 49-50.

{¶50} The owner of the Ford Excursion, Ms. Hunt, testified she was with appellant earlier in the evening and they drank beer together for about an hour and a

half around 5:00 p.m. to 6:30 p.m. T. at 28-29. The Excursion was at appellant's house and his mother had driven it during the day. T. at 30. Ms. Hunt did not drive the Excursion on July 24, 2010 as she drove her Jeep instead. T. at 30-31. Appellant arrived at Ms. Hunt's residence around 10:00 p.m. T. at 31. The Excursion was parked at Ms. Hunt's residence. T. at 48. About an hour later, Trooper Beach arrived to inquire about the vehicle. T. at 34. Much to Ms. Hunt's surprise, the Excursion had front-end damage. T. at 51-52. Ms. Hunt admitted to Trooper Beach that appellant had possession of the Excursion and "it was at his mom's house the last time I saw it." T. at 34. She testified appellant had the keys to the Excursion as she assumed "the keys were with the vehicle" and both appellant and the Excursion were at her home. T. at 34.

{¶51} Although the evidence is circumstantial, the conclusion is obvious. Direct evidence established appellant matched the description of the driver, had possession of the vehicle and its keys on the date in question, and appellant and the vehicle magically arrived at Ms. Hunt's residence in Bolivar immediately following the accident.

{¶52} Upon review, we find sufficient credible evidence that appellant was the driver of the vehicle, and no manifest miscarriage of justice.

{¶53} Assignment of Error IV is denied.

{¶54} The judgment of the New Philadelphia Municipal Court of Tuscarawas County, Ohio is hereby affirmed.

By Farmer, P.J.

Wise, J. and

Edwards, J. concur.


s/ Sheila G. Farmer_____


s/ John W. Wise_____


s/ Julie A. Edwards_____

JUDGES


SGF/sg 801

[Cite as *State v. Arquilla*, 2012-Ohio-3925.]

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| NINO A. ARQUILLA | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 11AP110045 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the New Philadelphia Municipal Court of Tuscarawas County, Ohio is affirmed. Costs to appellant.

s/ Sheila G. Farmer_____

s/ John W. Wise_____

s/ Julie A. Edwards_____

JUDGES