[Cite as *State v. Carver*, 2013-Ohio-4900.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise |
| | : | Hon. Craig R. Baldwin |
| | : | |
| -vs- | : | |
| | : | |
| WILLIAM CARVER | : | Case No. 13-COA-011 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:         Appeal from the Ashland Municipal
                                 Court, Case No. 12-TA-C-9871ABC


JUDGMENT:                        Affirmed


DATE OF JUDGMENT:                November 5, 2013


APPEARANCES:

For Plaintiff-Appellee                   For Defendant-Appellant

DAVID M. HUNTER                          THOMAS L. MASON
Acting Assistant Law Director            Mason, Mason, Mason & Kearns
Ashland City Law Director's Office       P.O. Box 345
1213 East Main Street                    153 West Main Street
Ashland, OH 44805                        Ashland, OH 44805

*Baldwin, J.*

{¶1}     Appellant William Carver appeals a judgment of the Ashland Municipal Court convicting him of operating a motor vehicle while under the influence of alcohol (R.C. 4511.19(A)(1)(a)), failure to control (R.C. 4511.202) and no seat belt (R.C. 4513.263(B)(1)).  Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶2}     On December 3, 2012, Trooper Eugene Crum of the Ohio State Highway Patrol responded to the scene of a single vehicle accident on State Route 603 in Ashland County.  He found a truck crashed into a tree.  Appellant was passed out in the back of the truck, and the keys were on the floor.

{¶3}     Tpr. Crum did not see anyone walking from the scene.  The area where the truck crashed was muddy, and there were no footprints around the vehicle.  When the trooper removed appellant from the truck, appellant said that "Jason" was driving.  When asked to describe Jason, appellant said he was wearing jeans and a Raiders hat.

{¶4}     Appellant first indicated to police that he met Jason at a bar.  Appellant later told Crum that he met Jason about a month earlier, but had no other information.  Appellant told Crum that Jason was bleeding, but there was no blood in the vehicle.  Appellant was bleeding slightly from his nostril and claimed he hit the dash; however, there was no indication that a passenger had hit the dash or windshield, and appellant's injury was consistent with the driver hitting the steering wheel, if the driver was not wearing a seat belt.  Trooper Crum administered field sobriety tests and determined from the results of the tests that appellant was under the influence of alcohol.

{¶5} Trooper Crum went to the apartment where appellant indicated Jason lived, and was unable to locate anyone named Jason. Sgt. Amy Ivy interviewed appellant at the hospital and later at his apartment regarding the accident. Appellant told Ivy that he met Jason earlier that night at the apartment complex and that Jason lived in apartment number 158 or 138. However, there was no Jason living at those locations. During discovery, appellant gave the name "Chris Davis" as the driver of the truck the night of the accident.

{¶6} Appellant was charged with operating a motor vehicle under the influence of alcohol, failure to control, and no seat belt. Following jury trial, he was convicted as charged. For operating a motor vehicle while under the influence of alcohol, he was sentenced to 180 days in the Ashland County jail, fined $550.00, and his license was suspended for three years. He was fined $150.00 for failure to control and $30.00 for no seat belt. He assigns one error on appeal:

{¶7} "THE TRIAL COURT ERRED BY NOT GRANTING THE DEFENDANT'S MOTION FOR ACQUITTAL AT THE CONCLUSION OF THE STATE'S CASE WHERE THE STATE DID NOT PRESENT SUFFICIENT EVIDENCE OF OPERATION OF A MOTOR VEHICLE IN ORDER TO SUSTAIN A CONVICTION FOR OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL AND/OR DRUGS OF ABUSE."

{¶8} Appellant argues that the state did not present evidence that he operated the truck, and that the judgment is therefore not supported by sufficient evidence.

{¶9} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to

the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶10}   Circumstantial evidence is that which can be "inferred from reasonably and justifiably connected facts." *State v. Fairbanks*, 32 Ohio St.2d 34, 289 N.E.2d 352, paragraph five of the syllabus (1972). "[C]ircumstantial evidence may be more certain, satisfying and persuasive than direct evidence." *State v. Richey,* 64 Ohio St.3d 353, 595 N.E.2d 915, 1992–Ohio–44. It is to be given the same weight and deference as direct evidence. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492(1991).

{¶11}   Appellant was convicted of operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a):

{¶12}   "No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:

{¶13}   "(a) The person is under the influence of alcohol, a drug of abuse, or a combination of them."

{¶14}   He was convicted of failure to control in violation of R.C. 4511.202:

{¶15}   "No person shall operate a motor vehicle, trackless trolley, streetcar, agricultural tractor, or agricultural tractor that is towing, pulling, or otherwise drawing a unit of farm machinery on any street, highway, or property open to the public for vehicular traffic without being in reasonable control of the vehicle, trolley, streetcar, agricultural tractor, or unit of farm machinery."

{¶16}   He was also convicted of not wearing a seat belt in violation of R.C. 4513.263(B)(1):

{¶17}   "(B)No person shall do any of the following:

{¶18}   "(1) Operate an automobile on any street or highway unless that person is wearing all of the available elements of a properly adjusted occupant restraining device, or operate a school bus that has an occupant restraining device installed for use in its operator's seat unless that person is wearing all of the available elements of the device, as properly adjusted[.]"

{¶19}   Appellant's sole argument is that the state failed to prove that he was operating the vehicle.   Although there is no direct evidence that appellant was operating the vehicle, the circumstantial evidence is sufficient, when viewed in a light most favorable to the prosecution, for a rational trier of fact to conclude that appellant was driving the truck.  Appellant was the only one in the truck when the trooper arrived. The keys were in the vehicle with appellant.  The trooper did not encounter anyone in the area walking away from the scene, nor were there any footprints in the mud on either side of the vehicle.  The driver's side door was very difficult to open because of damage to the fender.  There was no damage to the dash or windshield consistent with appellant hitting it, and the injury to his nose was consistent with hitting the steering wheel.  Appellant's claim that "Jason" was driving the truck continued to change as to where he met Jason, how long he knew Jason, and where Jason lived.  Police were unsuccessful in locating anyone named Jason at the location provided by appellant. Further, in discovery appellant provided a new name, Chris Davis, as the person driving the vehicle.  Police spoke to the apartment manager at the address supplied by appellant and were unable to locate a Jason or a Chris Davis at the apartment complex.

{¶20} The assignment of error is overruled. The judgment of the Ashland Municipal Court is affirmed. Costs are assessed to appellant.

By: Baldwin, J.

Gwin, P.J. and

Wise, J. concur.

_____
HON. CRAIG R. BALDWIN

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

CRB/rad

[Cite as *State v. Carver*, 2013-Ohio-4900.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff - Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| WILLIAM CARVER | : | |
| | : | |
| Defendant - Appellant | : | CASE NO. 13-COA-011 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland Municipal Court is affirmed. Costs assessed to appellant.

_____
HON. CRAIG R. BALDWIN


_____
HON. W. SCOTT GWIN


_____
HON. JOHN W. WISE