[Cite as *State v. Mackey*, 2014-Ohio-2288.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| JASON E. MACKEY | : | Case No. 13-CA-94 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:       Appeal from the Court of Common
                               Pleas, Case No. 13CR00217



JUDGMENT:                      Affirmed



DATE OF JUDGMENT:              May 28, 2014



APPEARANCES:

For Plaintiff-Appellee                   For Defendant-Appellant

CHRISTOPHER A REAMER                      WILLIAM T. CRAMER
20 South Second Street                    470 Olde Worthington Road
4th Floor                                 Suite 200
Newark, OH  43055                         Westerville, OH  43082

*Farmer, J.*

{¶1} On May 2, 2013, the Licking County Grand Jury indicted appellant, Jason Mackey, on three counts of trafficking drugs in violation of R.C. 2925.03, one count of drug possession in violation of R.C. 2925.11, and one count of having a weapon while under disability in violation of R.C. 2923.13. Said charges arose from three controlled drug buys using confidential informants and the subsequent search of appellant's residence.

{¶2} A jury trial on the drug charges commenced on October 15, 2013. While the jury was deliberating, the weapons charge was tried to the bench. The jury found appellant guilty of all the drug counts save for one count of trafficking in cocaine. The trial court found appellant guilty of the weapons charge. By judgment entry filed October 16, 2013, the trial court sentenced appellant to an aggregate term of eight and a half years in prison.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶4} "THE TRIAL COURT ERRED BY CONSIDERING HEARSAY FROM A JAIL TELEPHONE CALL DISCUSSING THE FIREARM."

II

{¶5} "APPELLANT WAS DEPRIVED OF HIS RIGHTS TO DUE PROCESS AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION, ARTICLE I, SECTION 16, BECAUSE THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT HIS

CONVICTIONS FOR HAVING A WEAPON UNDER DISABILITY AND POSSESSING COCAINE."

III

{¶6}    "THE TRIAL COURT'S FINDING THAT APPELLANT WAS GUILTY OF HAVING A WEAPON UNDER DISABILITY AND THE JURY'S FINDING THAT APPELLANT WAS GUILTY OF POSSESSING COCAINE WERE NOT SUPPORTED BY THE WEIGHT OF EVIDENCE."

I

{¶7}    Appellant claims the trial court erred in permitting evidence of a discussion from a jail telephone call as it constituted hearsay.  We disagree.

{¶8}    The telephone conversation involved a discussion on the firearm discovered in appellant's residence.  The evidence was presented during the bench trial on the weapons charge.  We must presume, in reviewing a bench trial, that the trial court considered nothing but relevant and competent evidence in reaching its verdict. "The presumption may be overcome only by an affirmative showing to the contrary by the appellant."  *State v. Wiles,* 59 Ohio St.3d 71 (1991).  In addition, no objection was made to the complained of evidence.  An error not raised in the trial court must be plain error for an appellate court to reverse.  *State v. Long,* 53 Ohio St.2d 91 (1978); Crim.R. 52(B).  In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error.  *Long.*  Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."  *Id.* at paragraph three of the syllabus.

{¶9}  "Hearsay" is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Evid.R. 801(C).  Statements which are not hearsay include admissions by party-opponent and in particular, are "statement[s] of which the party has manifested an adoption or belief in its truth."  Evid.R. 801(D)(2)(b).

{¶10}  Newark Police Detective Doug Bline testified to the following (T. at 305):

Q. Detective Bline, do you recognize the voice on that call, the male voice?

A. Yes, it's Mr. Mackey.

Q. Okay.  And during that call - - Do you remember this specific call?

A. Yes.

Q. Was a question posed to the Defendant about the police being able to pin that gun on him?

A. Yes.

Q. And how did he react?

A. There was really no - - it wasn't, like, "It wasn't my gun."  There was just kind of a void.  There was no real answer to the question.

{¶11}  On cross-examination, Detective Bline acknowledged that appellant never admitted the firearm was his.  T. at 307-308.

{¶12} It is appellant's position that his silence was not an adoptive admission and therefore should have been excluded. We disagree that it was anything but silence to an ambiguous question posed to appellant. Further, given Detective Bline's cross-examination testimony that appellant never admitted that the firearm was his, we find no prejudicial error to appellant and no manifest miscarriage of justice.

{¶13} Assignment of Error I is denied.

## II, III

{¶14} Appellant claims his convictions on the weapons count and the possession count were against the sufficiency and manifest weight of the evidence. We disagree.

{¶15} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial

"should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶16} Circumstantial evidence is that which can be "inferred from reasonably and justifiably connected facts." *State v. Fairbanks,* 32 Ohio St.2d 34 (1972), paragraph five of the syllabus. "[C]ircumstantial evidence may be more certain, satisfying and persuasive than direct evidence." *State v. Richey,* 64 Ohio St.3d 353, 1992-Ohio-44. It is to be given the same weight and deference as direct evidence. *Jenks, supra.*

{¶17} Appellant was convicted of having a weapon while under disability in violation of R.C. 2923.13(A)(2) which states:

(A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

(2) The person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence.

{¶18} Appellant was also convicted of possessing cocaine in violation of R.C. 2925.11(A) and (C)(4)(a) which state:

(A) No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog.

(C) Whoever violates division (A) of this section is guilty of one of the following:

(4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine. The penalty for the offense shall be determined as follows:

(a) Except as otherwise provided in division (C)(4)(b), (c), (d), (e), or (f) of this section, possession of cocaine is a felony of the fifth degree, and division (B) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.

{¶19} Appellant stipulated that he had a prior felony offense that precluded him from possessing a weapon. T. at 301. Detective Bline's testimony as cited above was the only testimony presented on the location of the weapon. T. at 305.

{¶20} Detective Bline testified he was outside appellant's residence preparing to execute the arrest warrant when he observed appellant stand up from a chair, walk past the couch to the entrance of the residence, and slam the door on the advancing arrest team. T. at 87-88. They pounded on the door and appellant came out. T. at 88, The team went in and checked the residence for other individuals. Inside they found Lori Amspoker. T. at 88-89. Detective Bline then obtained a search warrant for the residence based upon the observations of the arrest team. T. at 89. Upon searching the residence, digital scales and razor blades with cocaine residue and a bong were discovered. T. at 91. Clothing found in the residence indicated that a man lived there.

T. at 91-92. A firearm was discovered on the floor directly in front of the couch. T. at 309.

{¶21} Jamie Wider testified appellant was living at the residence with her and her daughter, and they were both on the lease. T. at 313, 316. She claims the discovered weapon belonged to her. T. at 315. She kept the firearm in her bedroom or underneath the couch when she slept or left the residence. T. at 316, 319. Appellant had free access to the home. Only one print was found on the firearm and it did not belong to appellant. T. at 324.

{¶22} State's Exhibits 10(C) and 14 depict the firearm and the couch area. The firearm was found next to the pen as referenced in State's Exhibit 14.

{¶23} The issue of credibility of Ms. Wider and Detective Bline is one to be resolved by the trier of fact. The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶24} The firearm was found out in the open, in an area where appellant was seen resting and moving about. Appellant was living in the residence and had free access to all parts of the residence and the items in it. The proximity to where appellant was observed establishes that he had a weapon within his control.

{¶25} Upon review, we find sufficient credible evidence to support appellant's conviction on having a weapon while under disability, and no manifest miscarriage of justice.

{¶26} As for the possession of cocaine conviction, there were photographs of the kitchen wherein digital scales and razor blades containing cocaine residue were discovered. T. at 91; State's Exhibits 10(E) and (F). Appellant was a resident of the home. The residue was tested and determined to be crack cocaine. T. at 196-197. No fingerprints were found on the scale. *Id.* Appellant was convicted on one of the trafficking in cocaine counts, and he was a resident of the home wherein digital scales, razor blades, cocaine residue, and baggies were found.

{¶27} Upon review, we find sufficiency credible evidence, although circumstantial, to support appellant's conviction for possessing cocaine, and no manifest miscarriage of justice.

{¶28} Assignments of Error II and III are denied.

{¶29} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Delaney, J. concur.

SGF/sg 411