[Cite as *State v. Clemens*, 2025-Ohio-383.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| CALEB CLEMENS | : | Case No. 23 AP 0007 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 21-CR-0034




JUDGMENT:                         Affirmed




DATE OF JUDGMENT:                 February 4, 2025




APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JANNA C. WOODBURN                         CHRIS BRIGDON
19 East Main Street                       8138 Somerset Road
McConnelsville, OH  43756                 Thornville, OH  43076

*King, J.*

{¶ 1}  Defendant-Appellant Caleb Clemens appeals the May 3, 2023 judgment of conviction and sentence of the Morgan County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

FACTS AND PROCUDURAL HISTORY

{¶ 2}  Caleb Clemens and Rusty Campbell, each 30-years old at the time of the events herein, have been friends since kindergarten. In May of 2021, Campbell arranged for his 15-year-old niece (herein Jane Doe) to engage in sexual conduct with Clemens as a birthday gift.

{¶ 3}  On May 18, 2021, Campbell sent a video to Clemens showing Doe nude and engaging in sexual conduct with himself in order to entice him to do the same. Later that day Campbell dropped Doe off at Clemens' mother's home where Clemens was staying at the time. Clemens gave Doe methamphetamine to smoke and engaged in oral and vaginal intercourse with Doe. He then called Campbell to come and pick up Doe.

{¶ 4}  Doe was unsure whether Campbell had advised Clemens of her age. This incident was not the only time Campbell had forced Doe to engage in sexual conduct with adult men. Campbell would receive drugs, money, or other things he needed from the men Doe had sex with. If she did not want to cooperate, Campbell would threaten to hurt one of Doe's siblings or one of her animals. Doe eventually told a family friend what was occurring and an investigation ensued.

{¶ 5}  On October 18, 2021, the Morgan County Grand Jury returned an indictment charging Clemens with one count of unlawful sexual conduct with a minor, a

felony of the third degree and one count of corrupting another with drugs, a felony of the second degree.

{¶ 6}   In August of 2022, Clemens originally pled guilty to unlawful sexual conduct with a minor as charged and an amended count of attempted corrupting another with drugs, a felony of the third degree. Before sentencing, however, Clemens filed a motion to withdraw his guilty pleas which the trial court granted in November of 2022.

{¶ 7}   The amendment to count two, corrupting another with drugs was rescinded by the state. Clemens elected to proceed to a jury trial which took place on April 21, 2023. The state presented evidence from Doe, Detectives Kelly McGilton and Zackary Kehl of the Southeastern Ohio Human Trafficking Task Force, and Matthew Anderson, a Washington County Sheriff's Department forensic analyst as well as a task force member. Clemens presented testimony from his mother and Rusty Campbell. After hearing the evidence and deliberating, the jury acquitted Clemens of corrupting another with drugs, but convicted him of unlawful sexual conduct with a minor. He was subsequently sentenced to 60 months incarceration.

{¶ 8}   Clemens was appointed appellate counsel, but no appeal was filed. We therefore dismissed the appeal for want of prosecution. New counsel was appointed by the trial court and counsel filed a motion to reopen. We granted the same. Counsel timely filed the instant appeal raising the following assignments of error:

I

{¶ 9}   "INSUFFICIENT EVIDENCE AS IT RELATES TO COUNT 28 FELONIOUS ASSAULT IN VIOLATION OF O.R.C. 2903.11(A)(1), 2903.11(D)(1)(A)."

II

{¶ 10} "AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

III

{¶ 11} "INEFFECTIVE ASSISTANCE AS IT RELATES TO THE FAILURE TO FILE A MOTION FOR AQUITTAL RELATED TO COUNT 28 WITHIN 14 DAYS OF THE FINAL VERDICT."

I, II

{¶ 12} As an initial matter, we note Clemens' three assignment of error captions and issues presented appear to have nothing to do with this case, as they mention felonious assault and failure to file a motion. We therefore address the two issues raised in the body of the brief which are challenges to manifest weight and sufficiency as they pertain to unlawful sexual conduct with a minor. Specifically, Clemens argues the State failed to prove he acted recklessly in regard to Doe's age and the jury lost its way in finding he did. We disagree.

Standard of Review

{¶ 13} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and

created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380 (1997). The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

### Clemens' Argument

{¶ 14} Clemens was convicted of unlawful sexual conduct with a minor pursuant to R.C. 2907.04 which provides no person eighteen years of age or older shall engage in sexual conduct with another who not the spouse of the offender when the offender knows the other person is thirteen years of age or older, but less than sixteen, or is reckless in that regard. R.C. 2901.22(C) defines reckless as:

> A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that such circumstances are likely to exist.

{¶ 15} Direct evidence of Clemens' knowledge was not required because circumstantial and direct evidence inherently possess the same probative value. *State v. Jenks*, 61 Ohio St.3d 259 (1991). Circumstantial evidence is that which can be "inferred

from reasonably and justifiably connected facts." *State v. Fairbanks*, 32 Ohio St.2d 34 (1972).

### Clemens' Argument

{¶ 16} Clemens does not argue that the state failed to prove he engaged in sexual conduct with Doe. Rather, he argues the state failed to establish he acted recklessly because he was misled as to Doe's age. He points to the fact that Rusty Campbell told him Doe was 18 and wanted to engage in sexual activities with Clemens. He also blames Doe for failing to tell him she was in high school or underage. He further blames Detective McGilton for using an interview tactic stating Doe was "fully developed" when in fact she was not in order to get Clemens to talk.

{¶ 17} Regarding the interview and Doe's appearance McGilton testified as follows:

> [The State]: So in that first interview, you talked about [Doe] being fully developed?
>
> [McGilton]: Um-huh.
>
> [The State]: in her outward appearance – does she look to be over the age of 18?
>
> [McGilton]: No. [Doe] is not developed. And actually, when we first started the investigation, in the first video that we reviewed, I actually documented . . . her as a being a prepubescent female . . .. Cause she was – she did not appear developed at all. That was just a play

on words to try to minimize the situation to get him to talk is what that was.

[Doe] looks very young. She's – I don't know that anybody would believe she was 18 years old, even now to this point.

[The State]: An what to you mean by developed?

[McGilton] Have developed breast, vaginal hair, body form, where you start to get – as young females start to grow and they mature, and they get into puberty, they kind of get curves. [Doe] did not have much of that at all, if any.

[The State]: And during your investigation, did you see [Doe] nude?

[McGilton]: Yes.

[The State]: And did she – did her body appear to be like a – a child?

[McGilton]: Yes.

{¶ 18} Transcript of Trial (T.) 305-306.

{¶ 19} At the time of trial, Doe was five feet one inch tall and was even shorter at the time of the instant offense. T. 377. The jury viewed the video of Doe that Campbell sent to Clemens' the day of the offense and could therefore draw its own conclusions regarding Doe's appearance at the time of the offense. T. 271-272, 413-420, State's exhibit 4. Evidence additionally established Clemens did not engage in any conversation at all with Doe once Doe was dropped off at his home. Instead he handed her methamphetamine to smoke which she did. She then handed the pipe back to Clemens

and he dropped his pants down to his knees in order for Doe to engage in fellatio. T. 361-362.

{¶ 20} Testimony therefore established that Doe appeared prepubescent, was dropped off at Clemens home instead of driving herself there, and that Clemens made no effort to ascertain Doe's age once she arrived. Moreover, evidence demonstrated Clemens knew Doe was dropped off and did not drive herself to their meeting. Rusty Campbell testified Clemens texted him to come and get Doe because someone was awake in his mother's house, and he did not want to get caught with someone at the house. T. 492-493. In summary, Clemens completely ignored the possibility that Doe was less than 16 years-old. We find these facts sufficiently established recklessness.

{¶ 21} Given the forgoing, we further find this is not an exceptional case in which the evidence weighs heavily against the conviction. The jury did not, therefore, lose its way in convicting Clemens of gross sexual imposition.

{¶ 22} Clemens' assignments of error are overruled.

{¶ 23} The judgment of conviction and sentence of the Morgan County Court of Common Pleas is affirmed.

By King, J.,

Hoffman, P.J. and

Baldwin, J. concur.